Mathew TUFELE, Appellant

v.

The STATE of Texas, Appellee.

No. 14–02–01271–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 5, 2004.

Douglas Howell, III, Bryan, for State.

John T. Quinn, Bryan, for Appellant.

Panel consists of Justices YATES, HUDSON and FOWLER.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Mathew Tufele pleaded guilty before a jury to the second degree felony of reckless injury to a child by omission. The jury found appellant guilty and sentenced him to 18 years' confinement in the Texas Department of Criminal Justice, Institutional Division. In two points of error, appellant complains that (1) he received ineffective assistance of counsel; and (2) the trial court's imposition as a condition of his sentence that appellant display two photographs of the victim in his prison cell exceeds the punishment authorized by law and constitutes cruel and unusual punishment. Because we agree that the trial court was without authority to order appellant to display photographs of his victim in his prison cell, we strike that portion of the trial court's oral pronouncement of sentence. In all other respects, the judgement of the trial court is affirmed.

## I. Procedural and Factual Background

On August 17, 2001, while appellant was babysitting his girlfriend's 33–month old daughter, Chelsea Lune, she died. An autopsy revealed that Lune died from blood accumulating in her brain and the resulting swelling. The blood accumulation was caused by a recent skull fracture and a violent shaking of her by appellant on the night she died. Appellant was initially charged by indictment with the first degree felony offense of knowingly and recklessly causing serious bodily injury to Lune by omission. The State abandoned the "knowingly" allegation in the indictment and proceeded on the second degree felony of reckless injury to a child by omission, to which appellant pleaded guilty. After a trial to the jury, appellant was found guilty, and the jury assessed punishment at 18 years' confinement. The trial court's oral pronouncement of sentence ordered appellant to display, for at least the first two years of incarceration, two photographs of the victim in his cell at a height 3 feet to 5 feet from the ground and in a location visible from his prison cell door. Appellant was ordered to display a photograph of Lune while she was living and a photograph of her in the emergency room after she died. The trial court's written judgment, however, did not contain this additional sentencing requirement. Appellant did not file a motion for new trial.

## II. Analysis

### A. Waiver of Right to Appeal

As a threshold issue, we must address the State's contention that appellant's appeal should be dismissed because the record shows that he waived his right to appeal. In arguing that appellant waived his right to appeal, the State relies on an excerpt in "Defendant's Plea of Guilty, Waiver, Stipulation and Judicial Confession" which reads, in relevant part, as follows: "However, it is my desire to waive my right of appeal, and I hereby waive this right in the event that the Judge accepts the plea bargain agreement." Relying solely on the Court of Criminal Appeals' opinion in *Monreal v. State*, 99 S.W.3d 615 (Tex.Crim.App.2003), the State argues appellant waived his right to appeal errors alleged to have occurred during the punishment phase and any complaint about his sentence. We disagree.

Appellant entered into a plea of guilty without a sentencing recommendation and proceeded with a trial before the jury on the issue of punishment. He is complaining of errors alleged to have occurred during the punishment phase. Appellant could not have waived his right to appeal those errors when he entered into his plea of guilty without a sentencing recommendation and before proceeding to trial before the jury to determine his sentence. *Monreal,* in which the court held that non-negotiated waivers of appeal are equally as valid as negotiated waivers of appeal, does not persuade us to hold otherwise. *See Monreal,* 99 S.W.3d at 616 (noting that defendant had waived his right to appeal after he pleaded guilty, without a plea bargain, and after the jury sentenced him). As the Court of Criminal Appeals explained in *Monreal,* the relevant issue is not whether the plea was negotiated or non-negotiated, but whether at the time of the waiver the defendant was in a position to be able to knowingly, voluntarily, and intelligently waive appeal because he would know what his punishment was and what errors may have occurred during trial at the time of his waiver. *Monreal,* 99 S.W.3d at 618.

In *Ex parte Thomas,* 545 S.W.2d 469 (Tex.Crim.App.1977), the Court of Criminal Appeals held that presentencing waivers of the right to appeal were not valid because they could not, as a matter of law, be made knowingly, voluntarily, and intelligently. *Id.* The court recently distinguished *Ex parte Thomas* in *Blanco v. State,* 18 S.W.3d 218 (Tex.Crim.App.2000). Unlike in *Thomas,* in which the defendant did not bargain for a sentencing recommendation from the prosecution in exchange for his waiver of the right to appeal, the trial court in *Blanco* followed the prosecution's sentencing recommendation. *Cf. Blanco,* 18 S.W.3d at 220, *with Thomas,* 545 S.W.2d at 470. Thus, in *Blanco,*

the defendant was fully aware of the likely consequences of the waiver. Here, as in *Thomas,* appellant neither bargained for a sentencing recommendation in exchange for his waiver of the right to appeal, nor waived his right to appeal after sentencing, making this case distinguishable from *Monreal* and *Blanco.* *See, e.g., Andrews v. State,* Nos. 2–02–353–CR, 2–02–354–CR, 2003 WL 21770816, at *1 (Tex.App.-Fort Worth, July 31, 2003, pet. filed) ("If a defendant enters a waiver of her right to appeal before she is aware of the consequences of her plea, the waiver is invalid. Because Appellant could not have known what her sentence would be at the time she entered her plea, *Monreal* does not apply.") (citing *Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex.Crim.App.1977); *Ex parte Townsend,* 538 S.W.2d 419, 420 (Tex. Crim.App.1976)). Thus, we hold that appellant did not waive his right to appeal errors alleged to have occurred during the punishment phase of his trial and during sentencing. We therefore address the merits of appellant's complaints.

## B. Ineffective Assistance of Counsel

■ Appellant contends that his trial counsel rendered ineffective assistance of counsel during the punishment phase of his trial. Appellant asks this court to remand this case to the trial court so that he can file a motion for new trial and obtain a hearing on the motion. Appellant outlines in his brief objections his trial counsel should have made during the punishment phase, but did not make, and objections which his counsel made, but with respect to which he did not secure a ruling.

Appellant has waived this complaint by failing to properly brief it. Aside from citing the pertinent evidentiary rules, he has failed to cite authority for why the objections listed in his brief should have been made or why he was prejudiced by

his trial counsel's failure to make the objections or secure a ruling on objections made. Appellant has a duty to cite specific legal authority and to provide legal argument based upon that authority. *See* TEX.R.APP. P. 38.1(h); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex.Crim.App.1996). Appellant cited no legal authority—other than passing references to a few Texas Rules of Evidence—to support his contention that the objections listed on pages nine through fourteen of his brief should have been made in this case. Thus, appellant has not preserved review on this point of error. *See* TEX.R.APP. P. 38.1(h); *Smith v. State*, 683 S.W.2d 393, 410 (Tex.Crim. App.1984) (holding that nothing was preserved for appellate review when defendant cited no authority and presented no argument on issue). For this reason alone, we overrule appellant's first point of error.

Even if we did not find briefing waiver, appellant's claim fails. Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. Amend. VI; TEX. CONST. art. I, § 10; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977). This right includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex.Crim. App.1997). To prove ineffective assistance of counsel, an appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 688–92, 104 S.Ct. 2052; *see also,*

*e.g., Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999). An appellant has the burden of proving his claim by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998). We apply a strong presumption that trial counsel was competent. *Thompson*, 9 S.W.3d at 813. We presume counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Appellant has the burden to rebut this presumption by presenting evidence illustrating why trial counsel did what he did. *See id.* An appellant usually cannot meet this burden if the record does not specifically focus on the reasons for trial counsel's conduct. *Osorio v. State*, 994 S.W.2d 249, 253 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd).

In this case, appellant did not file a motion for new trial, and as a consequence, there was no hearing conducted to develop counsel's trial strategy.[1] In the absence of a proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd). When there is no hearing on a motion for new trial or if trial counsel does not appear at such a hearing, an affidavit from trial counsel becomes almost vital to the success of a claim of ineffective assistance of counsel. *Howard v. State*, 894 S.W.2d 104, 107 (Tex.App.-Beaumont 1995, pet. ref'd). Here, there is no such affidavit in the appellate record. To the contrary, the record is silent as to the reasoning and strategy behind trial counsel's action or inaction in not making objections during the punishment phase of appellant's trial.

---

1. Furthermore, we do not have the authority to remand this matter to the trial court so that appellant can file a motion for new trial when the deadline for such filing has long expired. *See* TEX.R. CIV. P. 329b; TEX.R.APP. P. 21.4(a).

Appellant has not rebutted the presumption that his trial counsel made all significant decisions in the exercise of reasonable professional judgment, and appellant has not demonstrated in the record that trial counsel rendered ineffective assistance. *See Thompson*, 9 S.W.3d at 814. We will not speculate about counsel's strategic decisions, and thus, we cannot find appellant's trial counsel ineffective based on the asserted grounds. *See Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.) ("Due to lack of evidence in the record concerning trial counsel's reasons for conducting voir dire as he did and for not objecting to certain testimony and argument, we are unable to conclude that trial counsel's performance was deficient.").

Moreover, even if the record permitted us to address appellant's complaints about his counsel's performance in failing to make the various objections listed in appellant's brief, we would hold that appellant has failed to show that his trial counsel erred or that appellant was prejudiced by his trial counsel's conduct. As the State correctly points out, article 37.07 of the Texas Code of Criminal Procedure permits a trial court wide latitude in the admission of evidence during the punishment phase. Article 37.07 provides, in relevant part, as follows:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant *as to any matter the court deems relevant to sentencing*, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, not withstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp.2003) (emphasis added); *see also Mendiola v. State*, 21 S.W.3d 282, 285 (Tex.Crim.App.2000) ("[A]dmissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy. This is so because by and large there are no discreet factual issues at the punishment stage. There are simply no distinct fact[s] ... of consequence that proffered evidence can be said to make more or less likely to exist.... What evidence should be admitted to inform that normative decision is not a question of logical relevance, but of policy.") (internal citations and footnotes omitted).

Appellant has not met his burden of proving that his trial counsel was ineffective in failing to make objections during his trial or that he was prejudiced by any errors that occurred. For this additional reason, we overrule appellant's first point of error.

## C. Illegal Sentence

■ In his second point of error, appellant complains that the trial court erred when it made an oral pronouncement of sentence requiring appellant to display, for at least the first two years of incarceration, two photographs of the victim in his cell at a height 3 feet to 5 feet from the ground and in a location visible from his prison cell door. Appellant was ordered to display a photograph of Lune while she was living and a photograph of her in the emergency room after she died. Appellant contends this condition exceeds

the punishment authorized for this offense and violates the cruel and unusual punishment clause of the United States Constitution and article 1.09 of the Texas Code of Criminal Procedure. *See* U.S. CONST. Amend. VIII. We agree that the trial court imposed an illegal sentence, and we disagree with the State that appellant waived this error by not raising it below.

■ Section 12.01 of the Penal Code provides that "[a] person adjudged guilty of an offense under this code shall be punished in accordance with this chapter and the Code of Criminal Procedure." *See* TEX. PEN.CODE ANN. § 12.01 (Vernon 1994). Section 12.33 of the Texas Penal Code sets forth the statutorily-prescribed punishment for a second degree felony. *See id.* § 12.33. A person found guilty of a felony of the second degree "shall be punished by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years." *Id.* In addition, a person found guilty of a second degree felony may be punished by a fine not to exceed $10,000. *Id.* In this case, the jury's verdict assessed appellant's punishment in conformity with section 12.33 of the Penal Code. Nothing in Chapter 12 of the Penal Code permits a trial court to alter the jury's verdict when it is in conformity with the statutory range of punishment. *See*

*Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Crim.App.1979) ("Courts have no power to change a jury verdict unless it is with the jury's consent and before they have dispersed.") (citations omitted); *see also* TEX.CODE CRIM. PROC. ANN. art. 37.10(b) (Vernon Supp.2003) (stating that trial court has authority to reform jury's verdict to show punishment authorized by law and omit punishment not authorized by law). Nor does the Penal Code allow a trial court (or a jury) to impose a punishment like the one at issue in this case as a part of the sentence. The State also has not cited any authority for the proposition that the trial court had the authority to require appellant to display Lune's photographs in his prison cell and we have found none.

■ It is well established that "[a] sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim. App.2003) (citations omitted). Here, the requirement that appellant display two photographs of his victim during the first two years of incarceration is not within the statutory punishment range for a second degree felony, and thus this portion of appellant's sentence is illegal.[2] Furthermore, we reject the State's contention that

---

2. In this context, we find instructive cases discussing illegal conditions of probation. In imposing conditions of probation, trial courts have wide latitude granted to them by article 42.12 of the Texas Code of Criminal Procedure. Nonetheless, the discretion granted to trial courts in imposing conditions of probation is not unfettered. *See generally, e.g., Barton v. State,* 21 S.W.3d 287, 288–89 (Tex. Crim.App.2000) (stating that although a trial court has broad discretion in imposing conditions of community supervision, if a trial court imposes an invalid condition, the proper remedy is to reform the judgment of conviction by deleting the condition); *Ex parte Gingell,* 842 S.W.2d 284, 285 (Tex.Crim.App. 1992) (holding trial court lacked authority to impose electronic monitoring requirement as condition of applicant's deferred adjudication probation); *Ex parte Alakayi,* 102 S.W.3d 426, 431 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (stating that permissible conditions of community supervision "should have a reasonable relationship to the treatment of the accused and the protection of the public"); *Hollie v. State,* 962 S.W.2d 302, 304 (Tex. App.-Houston [1st Dist.] 1998, pet. dism'd) (en banc) (modifying trial court's sentence to 45 days in county jail as condition of probation because statute provided a maximum of only 30 days in confinement as a condition of community supervision in misdemeanor cases).

appellant waived this point of error. "Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence." *Id.* at 806 n. 6 (citing *Ex parte Pena*, 71 S.W.3d 336, 336–37 & n. 1 (Tex.Crim.App. 2002)).

Having concluded that this portion of appellant's sentence is illegal, we are faced with the question of how to remedy the trial court's unauthorized sentence. The trial court made an oral pronouncement that appellant be required to display the two photographs of Lune, but the court's written judgment does not contain this portion of the sentence. Generally, an oral pronouncement of a sentence will control over the written judgment, and the solution when there is a conflict is to reform the written judgment to conform to the sentence that was orally pronounced. *See, e.g., Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App.2003). In this case, however, the oral pronouncement of sentence contained an illegal condition imposed by the trial court as an addition to the jury's assessment of punishment. No authority dictates that the written judgment, which accurately reflects the punishment assessed by the jury, should be reformed to contain the illegal portion of the sentence announced by the trial court. Some courts have held that the judgment does not need to be reformed under these circumstances. *See In re Rubio*, 55 S.W.3d 238, 243 (Tex.App.-Corpus Christi 2001, pet. denied) (stating that legally unenforceable oral sentence did not prevail over enforceable sentence later set forth in written judgment); *Ribelin v. State*, 1 S.W.3d 882, 884 (Tex.App.-Fort Worth 1999, pet. ref'd) (disregarding variation in punishment between trial court's oral rendition, which exceeded statutory maximum for offense, and written judgment because sentence imposed in written judgment was within statutory range of punishment and appellant was serving the latter sentence); *Garner v. State*, 864 S.W.2d 92, 103 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd) (stating that judgment did not need to be reformed to delete condition of parole, which trial court was without authority to impose, because trial court did not incorporate the order it announced from the bench into the judgment and sentence). Adopting the reasoning of the foregoing opinions, we agree that we need not modify or otherwise correct the written judgment.

We have no way of knowing, however, whether appellant has been required to display the two photographs of Lune while in confinement in the Texas Department of Criminal Justice, Institutional Division. Therefore, we are compelled to strike that portion of the trial court's sentence requiring appellant to display two photographs of Lune in his prison cell as an illegal, and therefore void, sentence. *See Heath v. State*, 817 S.W.2d 335, (Tex.Crim.App. 1991) (en banc) ("If a punishment is not authorized by law, that portion of the sentence imposing that punishment is void.") (citing *Ex parte Johnson*, 697 S.W.2d 605, 606–607 (Tex.Crim.App.1985)). Accordingly, we sustain appellant's second point of error.

In conclusion, we strike the illegal portion of the oral pronouncement of sentence requiring appellant to display two photographs of his victim in his prison cell. In all other respects, the trial court's judgment is affirmed.