Affirmed and Memorandum Opinion filed June 2, 2005









Affirmed and Memorandum Opinion
filed June 2, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01292-CR

____________

 

BENJAMIN A. BOSTICK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 932,618

_________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Benjamin A. Bostick,
challenges his conviction for aggravated robbery on the ground that he was
denied effective assistance of counsel as guaranteed by the Sixth Amendment to
the United States Constitution because of an alleged actual conflict of
interest.  We affirm.








I.  Factual and
Procedural Background

On November 14, 2002, Harlan
Washington was charged with the aggravated robbery of Clarence Eriksen.  On December 2, 2002, appellant, in the office
of his trial counsel, Doug O=Brien,
gave a written statement admitting to the aggravated robbery of Eriksen.  The aggravated robbery charge against
Washington was dismissed.  Appellant,
however, was not charged with the robbery of Eriksen.  On January 21, 2003, appellant was indicted
for the aggravated robbery of Henry Fillion, which occurred on September 8,
2002.  The indictment alleged appellant
stole Fillion=s Rolex watch and in the course
of committing theft, used a deadly weapon, namely a firearm.  O=Brien
represented Washington and appellant, respectively, on the charges.

On March 6, 2003, appellant
testified at Washington=s parole
revocation hearing.  The State alleged
Washington violated the conditions of his parole by committing the aggravated
robbery of Eriksen.  Appellant testified
that appellant committed the robbery of Eriksen.  The parole hearing officer found no proof by
a preponderance of the evidence that Washington had violated his parole.

Appellant subsequently entered a
plea of guilty to the aggravated robbery of Fillion.  Appellant declined the State=s offer
of a plea bargain and sought a pre-sentence investigation report.  The pre-sentence investigation report
contained a summary of the police report, an evaluation of appellant=s
employment and economic status, the complainant=s
statement, several character reference letters, and appellant=s
statement in which he confessed to the robbery of Eriksen.  After receipt of the pre-sentence
investigation report, the trial court held a hearing and sentenced appellant to
eighteen years= confinement in the Texas
Department of Criminal JusticeCInstitutional
Division.  








Appellant subsequently filed a
motion for new trial in which he alleged he received ineffective assistance of
counsel because O=Brien
allegedly labored under an actual conflict of interest.  Appellant argued that the conflict existed
because O=Brien represented both Washington
and appellant.  The trial court denied
appellant=s motion for new trial.

II.  Right of Appeal

Under
Texas Rule of Appellate Procedure 25.2(d), the trial court completed a
certification of the defendant=s right
to appeal, which was filed in this court as part of the clerk=s
record.  In that document, the trial
court certified that appellant waived his right to appeal.  A handwritten notation on the document
reflects that the defendant Aobjects
to any prior waiver on the advice of his trial counsel.@  The handwritten notation is initialed by
appellant=s appellate counsel.  We are obligated to review the record and
determine whether appellant has the right to appeal.  See Dears v. State, 154 S.W.3d 610,
615 (Tex. Crim. App. 2005).

Texas Rule of Appellate Procedure
25.2(a)(2) limits our jurisdiction over appeals from plea‑bargained
convictions.  This rule does not apply to
convictions from open pleas of guilty.  Hanson
v. State, 11 S.W.3d 285, 287 n.1 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d).  A defendant, however, may waive any rights
secured him by law.  Tex. Code Crim. Proc. Ann. art. 1.14
(Vernon Supp. 2004).  A waiver of appeal
is usually binding on the defendant and prevents him from appealing any issue
without the trial court=s
consent.  Monreal v. State, 99
S.W.3d 615, 616 (Tex. Crim. App. 2003). 
Appellant entered into a plea of guilty without a sentencing
recommendation.  The plea papers contain
boilerplate language indicating appellant Awaived
any right of appeal.@  Because appellant could not have known what
his sentence would be at the time he entered his plea, the waiver of the right
to appeal could not have been made knowingly, voluntarily, and intelligently.  See Ex parte Thomas, 545 S.W.2d 469,
470 (Tex. Crim. App. 1977).  If a
defendant enters a waiver of his right to appeal before he is aware of the
consequences of his plea, the waiver is invalid. Tufele v. State, 130
S.W.3d 267, 270 (Tex. App.CHouston
[14th Dist.] 2004, no pet.).  Because
appellant=s waiver of appeal is invalid, he
has the right to appeal.








III.  Ineffective-Assistance-of-Counsel Claim 

A.        Standard
of Review

In his
sole issue, appellant contends he was denied effective assistance of counsel
because of an actual conflict of interest. 
The Sixth Amendment to the United States Constitution guarantees in all
criminal prosecutions that the accused shall have the right to reasonably
effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668 (1984). 
Under the Strickland standard, to prove ineffective assistance of
counsel, appellant must show (1) counsel=s
representation or advice fell below objective standards of reasonableness; and
(2) the result of the proceeding would have been different but for trial
counsel=s
deficient performance.  Strickland,
466 U.S. at 688B92.  








However, certain claims of
ineffective assistance involving conflicts of interest are controlled by Cuyler
v. Sullivan, 446 U.S. 335 (1980).  See
Thompson v. State, 94 S.W.3d 15B19 (Tex.
App.CHouston
[14th Dist.] 2002, pet. ref=d).  Under Cuyler, a defendant demonstrates
a violation of his right to reasonably effective assistance of counsel based on
a conflict of interest if he can show that (1) his counsel was burdened by an
actual conflict of interest; and (2) the conflict had an adverse effect on
specific instances of counsel's performance. See Cuyler, 446 U.S. at 348B50; Thompson,
94 S.W.3d at 15B16.  There is some uncertainty as to the
circumstances in which  the Cuyler
standard takes the place of the Strickland standard.  See Thompson, 94 S.W.3d at 15B19
(discussing the cases regarding the circumstances in which Cuyler takes
the place of Strickland). 
Although this case involves an alleged actual conflict of interest based
on an attorney simultaneously representing more than one person charged with
aggravated robbery, Cuyler arguably does not apply because the State
alleged Washington and appellant committed different aggravated robberies (that
Washington robbed Eriksen and that appellant robbed Fillion), not the same robbery.  See Thompson, 94 S.W.3d at 15B19.  Nonetheless, for the sake of argument, we
will presume that the less onerous Cuyler standard applies.  Under this standard, appellant had the burden
of proving his counsel actively represented conflicting interests.  Cuyler, 446 U.S. at 350.

B.        Alleged Conflict of Interest

An actual conflict of interest exists only if counsel is
required to make a choice between advancing his client=s interest, or advancing other
interests to the detriment of his client=s interest.  Monreal, 947 S.W.2d at 564.  The burden of demonstrating an actual
conflict of interest is on the defendant. 
Cuyler, 446 U.S. at 348.

Appellant contends his trial
counsel had an actual conflict of interest because Washington stood to gain
significantly by trial counsel=s actions
in adducing a statement from appellant accepting responsibility for the robbery
of Eriksen and exonerating Washington. 
In his affidavit, appellant states that several of Washington=s friends
pressured him to admit to the robbery of Eriksen.  Appellant states he was pressured to confess
because Washington is a habitual offender, who was facing twenty-five to
ninety-nine years in prison if convicted. 
Appellant said Washington=s friends
told appellant he would receive probation if he confessed.  Appellant stated he and his family were
threatened and that over a period of eighteen months, appellant paid Washington
over $17,000.[1]  After Washington was arrested, appellant said
he was contacted repeatedly by Washington and Washington=s friends
and told to meet with O=Brien.  Appellant stated O=Brien
told him to talk with another lawyer, but Washington wanted appellant to talk
only with O=Brien.  Appellant averred that one of Washington=s friends
Aforced@ him to
go to O=Brien=s office
and give a written statement confessing to the aggravated robbery for which
Washington had been charged.








With regard to Washington=s parole
hearing, O=Brien issued a subpoena for
appellant, who testified that he was the lone actor in the robbery of
Eriksen.  Eriksen attended the parole
revocation hearing and testified that he identified Washington at a line-up
after the robbery, but was unable to give a positive identification at the
hearing.  In his affidavit, appellant
states O=Brien
told him he would Aget
probation and not to worry about the confession.@  Appellant also stated O=Brien
told appellant to make arrangements with Washington to pay O=Brien=s fee if
appellant was unable to pay the fee.

O=Brien
also filed an affidavit, which was reviewed by the trial court at the hearing
on the motion for new trial.  In that
affidavit, O=Brien stated that appellant was
fully aware of O=Brien=s
representation of Washington when appellant told O=Brien of
his desire to confess to the robbery for which Washington had been
charged.  O=Brien
stated he referred appellant to another attorney and explained it would not be
in either appellant=s or
Washington=s best interest to be represented
by the same attorney.  Appellant spoke
with the other attorney, but returned to O=Brien=s office
to give a written statement of appellant=s guilt
in the robbery of Eriksen.  Appellant
wrote a detailed account of the robbery, including observing Eriksen while he
shopped, then following him to his home, where appellant stole Eriksen=s watch
at gun-point.

After appellant confessed to the
robbery of Eriksen, he was charged with the robbery of Fillion.  Appellant was not charged with the robbery of
Eriksen.  Appellant again approached O=Brien
about representation.  O=Brien, in
his affidavit, stated he discussed any potential conflict of interest, but
appellant stated he had committed the robbery of Fillion and Eriksen and wanted
to plead guilty.  O=Brien
stated he would not have consented to represent appellant if appellant had
failed to fully understand the consequences of any potential conflict of
interest.








An appellate court reviews a
trial court=s denial of a motion for new
trial under an abuse-of-discretion standard. 
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).  We must view the evidence in the light most
favorable to the trial court=s
ruling.  Loserth v. State, 963
S.W.2d 770, 774 (Tex. Crim. App. 1998). 
Thus, a trial court abuses its discretion in denying a motion for new
trial only when no reasonable view of the record could support the trial court=s
ruling.  Charles v. State, 146
S.W.3d 204, 208 (Tex. Crim. App. 2004).

The evidence adduced at the
motion-for-new-trial hearing does not support a finding of actual conflict of
interest that affected counsel=s
performance.  Appellant presented
evidence that Washington and Washington=s friends
pressured appellant to confess to the robbery of Eriksen.  Appellant has not presented evidence that the
pressure was initiated by O=Brien.  The trial court did not abuse its discretion
in impliedly determining that O=Brien was
not burdened with an actual conflict of interest.  The evidence does not show O=Brien was
forced to choose between advancing appellant=s
interest in a fair trial and advancing other interests to appellant=s
detriment.  Furthermore, appellant has
not presented evidence that his guilty plea in this case was rendered
involuntary by any alleged conflict of interest.  Reviewing the evidence presented at the
motion-for-new-trial hearing, we conclude the trial court did not abuse its
discretion in denying the motion for new trial. 
Accordingly, we overrule appellant=s sole
issue.

We affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed June 2, 2005.

Panel consists of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  There is no
evidence in the record as to why appellant paid Washington over $17,000.