NUMBER
13-04-090-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

SYLVIA DIANE WILSON,                                           Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                 On
appeal from the County Court at Law

                           of
Calhoun County, Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez



 








Appellant, Sylvia Diane Wilson, was charged by information with
intentionally and knowingly entering another's property without the effective
consent of the owner and with notice that her entry was forbidden.[1]  A jury found Wilson guilty of the offense of
criminal trespass as charged in the information and assessed punishment at 120
days confinement in the county jail and a $2,000.00 fine.  The trial court has certified that this is
not a plea bargain case and that Wilson has the right of appeal.  See Tex.
R. App. P. 25.2.  By one point of
error, Wilson complains that the evidence was insufficient to establish (1) the
manner and means of committing the act of criminal trespass and (2) that she
had notice not to enter the premises.  We
affirm.

I.  Background

As this is a
memorandum opinion and because all issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the
Court's decision and the basic reasons for it. 
See id. at rule 47.4.

II.  Analysis








By her sole point
of error, Wilson contends that while the State presented compelling evidence
that she refused to vacate the property after receiving notice to do so by
those with authority, it chose not to plead that particular manner and means of
committing the act of criminal trespass, but rather chose to plead that Wilson
intentionally and knowingly entered another's property without effective
consent and with notice that the entry was forbidden.  See Tex. Pen. Code Ann. ' 30.05(a)(1) & (2) (Vernon Supp. 2004-05)
(providing that an individual is prohibited from "enter[ing] or
remain[ing] on or in property . . . of another without effective consent . . .
and he: (1) had notice that the entry was forbidden; or (2) received notice to
depart but failed to do so."). 
Having chosen to plead unlawful entry, Wilson asserts that the State did
not present evidence as to how, when or where Wilson entered the property or
that she had notice not to enter the premises. 
We construe this contention as an evidentiary issue raised by an alleged
variance between the information's allegations and the State's proof.

A variance occurs
when there is a discrepancy between the allegations in the information and the
proof at trial.  Gollihar v. State,
46 S.W.3d 243, 246 (Tex. Crim. App. 2001). 
In a variance situation, the State has proven the defendant guilty of a
crime, but has proven its commission in a manner that varies from the
allegations in the charging instrument.  Id.  In the present case, however, it is apparent
that the State presented evidence to prove the case as charged, that Wilson,
having notice that her entry was forbidden, entered the property without the
effective consent of the owner.[2]  See Tex.
Pen. Code Ann. ' 30.05(a)(1) & (2) (Vernon Supp. 2004-05).  Thus, we cannot conclude a variance existed
between the information's allegations and the State's proof.








Having determined
that there was no variance, to the extent Wilson's contention could be
construed as a sufficiency challenge to the State's proof of unlawful entry,
that argument has been waived.  In
accordance with rule 38.1(h) of the Texas Rules of Appellate Procedure, we will
only consider contentions that are supported by clear and concise arguments with
appropriate citations to authorities and to the record.  See Tex. R. App. P. 38.1(h).  Because Wilson presented no argument or
citations to the record or to authority on the sufficiency issue, she has
waived error.  See id.; Tufele
v. State, 130 S.W.3d 267, 271 (Tex. App.BHouston
[14th Dist.] 2002, pet. ref'd).

Wilson's sole
point of error is overruled.

III.  Conclusion

Accordingly, we
affirm the judgment of the trial court.

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 14th day of
July, 2005.

 











[1]See Tex.
Pen. Code Ann. ' 30.05(a)(1) (Vernon Supp.
2004-05).





[2]The record reveals that just prior
to dawn on August 26, 2002, Wilson was found at the Dow Chemical Company Plant
on a platform approximately eighty feet high, where she had hung a yellow
protest banner.  The platform was
attached to an air separation unit.  When
law enforcement personnel arrived they discovered Wilson had secured herself to
a railing with a chain and flex tubing. 
This incident followed an extended period of demonstrating and
protesting near a main entrance to the plant.

 

Without objection, eight of the
State's fifteen exhibits were offered at trial to prove Wilson had notice that
her entry onto the property was forbidden. 
These exhibits showed fencing, signs, barb wire, and gates in and around
the plant property.  Testimony from
various witnesses established that signs, fences, barb wire, and gates,
including a closed and locked maintenance gate near the air separation unit
where Wilson was found, surrounded that area and were in place the day Wilson
entered the property.  See Tex. Pen. Code Ann. ' 30.05(b)(2)(B) & (C) (Vernon
Supp. 2004-05) (defining "notice" to include "fencing or other
enclosure obviously designed to exclude intruders" and "signs posted
on the property . . . reasonably likely to come to the attention of intruders,
indicating that entry is forbidden").