

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-06-386-CR

RANDALL KEITH JOLLY                                         APPELLANT

V.

THE STATE OF TEXAS                                              STATE

-----------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

A jury convicted Appellant Randall Keith Jolly of assault bodily injury to a family member, and the trial court sentenced him to 120 days' confinement in jail. In six issues, Jolly argues that the trial court abused its discretion by unconstitutionally restricting his cross-examination and attempted impeachment

---

[1] *See* TEX. R. APP. P. 47.4.

of the complainant and erred by requiring him to attend counseling as part of his sentence. We will affirm.

Jolly, his daughter Mindy, and Mindy's infant child attended a birthday party at a relative's residence on December 15, 2005. Mindy had given Jolly a ride to the party, but she left without him to return to Jolly's house sometime around 10:00 p.m. Jolly returned to his house about an hour later, angry that Mindy had left the party without him. Jolly confronted Mindy about leaving him, and they became involved in a physical confrontation, falling to the floor a number of times during the struggle. While on the floor, Jolly put his arms around Mindy's torso, and Mindy swung her arms and head back in an effort to break free. Her head contacted Jolly's lip, cutting it open. Jolly grabbed Mindy's arm, flipped her over, grabbed her hair, and hit her head on the floor. At some point during the struggle, Jolly grabbed a zip tie and unsuccessfully attempted to place it over her. Mindy was able to get away, retrieve her child, and leave the house. Extremely upset, crying, and with a substantial amount of blood on her shoulders, she flagged down a nearby police officer along the road and informed him that she had been assaulted. Shortly thereafter, the same police officer responded to a 911 call made by Jolly and arrested him. Mindy suffered a dislocated shoulder, a sprained wrist, and contusions.

Mindy, Jolly, and the responding police officers testified at trial about the events that occurred on December 15, 2005.  Two defense witnesses testified about Mindy's character for violence and for truthfulness, opining that she was a violent and untruthful person.  During the trial, the trial court sustained a number of objections lodged by the State, which Jolly now complains of in part on appeal.  In addition to 120 days in jail, the trial court ordered Jolly to attend "in-custody BIP" as part of his sentence.  The written judgment does not contain the "in-custody BIP" portion of Jolly's sentence.

Jolly argues in his first five issues that the trial court abused its discretion by sustaining the State's objections to multiple questions posed by Jolly's attorney.  He contends that the trial court's limitation of his cross-examination had the effect of denying him his right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution.  *See* U.S. CONST amend. VI.  Jolly argues that his "first five issues demonstrate unconstitutional limitations placed by the trial court on [his] right to confront and cross-examine the only material witness in this case.  These five related issues had the cumulative effect of restricting the information [that he] was able to show the jury about the complaining witness'[s] credibility and her bias and motive to testify against [him]."

3

An appellate court reviews a trial court's exclusion of evidence for an abuse of discretion. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

The Sixth Amendment right to confrontation necessarily includes the right to cross-examine. *Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). This constitutional right is violated when appropriate cross-examination is limited. *Id*. However, constitutional error may be forfeited by failure to raise the issue at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); *see also Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991) (reasoning that a defendant forfeits his constitutional right to confront witnesses if he does not object to the denial of that right at trial).

An appellate issue involving a proffer of evidence rather than an objection must still satisfy the preservation of error requirements. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (stating that the purpose of requiring an objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection and reasoning that "[a]though this case involves a proffer of evidence rather than an objection, the same rationale applies."). To preserve a complaint for our review, a party must

have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). If the proponent of the evidence does not clearly articulate to the trial court that the Confrontation Clause requires the admission of the challenged evidence, he fails to do everything necessary to bring to the trial court's attention the evidentiary rule or statute in question and its precise and proper application to the evidence in question, and error is not preserved in such a case. *Reyna* 168 S.W.3d at 179. Thus, it is not enough to merely attempt to introduce evidence or to tell the judge that the evidence is admissible. *Id*. Rather, the proponent, if he is the losing party on appeal, must have told the trial court why the evidence was admissible. *Id*.; *Nelson v. State*, No. 14-06-00684-CR, 2007 WL 2790367, at *3 (Tex. App.—Houston [14th Dist.] Sept. 27, 2007, pet ref'd) (mem op.) (not designated for publication). The complaint on appeal must comport with the complaint raised at trial. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

In his first issue, Jolly argues that the trial court abused its discretion and denied him his right of confrontation under the Sixth Amendment when it

prohibited him from cross-examining Mindy regarding the effects of a criminal conviction on her living situation. The following exchange occurred:

[Defense counsel]: Mindy, would you be able to continue to stay in that program if you picked up a criminal conviction?

[Prosecutor]: Objection, relevance. She's not on trial for - -

The Court: I'm going to sustain that objection.

[Defense counsel]: Mindy, going back to the first physical contact of that night at the house, who was the first person to touch who? And I don't mean push, shove, but who made the first physical contact?

In his second issue, Jolly argues that the trial court abused its discretion and denied him his right of confrontation under the Sixth Amendment when it prohibited him from cross-examining Mindy regarding her testimony on direct examination about his culpable mental state. The following exchange occurred:

[Defense counsel]: When you say that your dad put this zip tie over you, you can't say - - is it true that you said you don't know what his intentions were?

[Mindy]: I can't state his intentions.

[Defense counsel]: So you don't feel that he was doing it to choke you?

[Prosecutor]: Objection. She stated she doesn't know what his intentions were.

The Court: I'll sustain. I think she's answered that question.

Now, if you're at a point where you can't go any further, tell me, and we'll take a break.

[Defense counsel]: I'm not - - just a moment, Judge.

Oh, Mindy, when you commented that your dad made a statement last time you were at court, - -

In his third issue, Jolly argues that the trial court abused its discretion and denied him his right of confrontation under the Sixth Amendment when it denied him the opportunity to impeach Mindy with an admission against interest. Jolly sought to impeach Mindy by questioning a third party about the circumstances surrounding her assault of a roommate because the State had elicited testimony about Mindy's conviction for the assault, including the justifications for Mindy's conduct in that case. The following exchange occurred outside the presence of the jury:

[Defense counsel]: But as far as that goes, but what about the occasion where she came and she - - Mindy's testified that the reason she assaulted Brittany was because she grabbed her by the arms. She admitted - -

The Court: No. We're not getting into any specifics of any other incidences.

[Defense counsel]: But in this case, Judge, it's specifically impeachment. She said one thing. There's a witness that tells you there's an admission against interest, the opposite.

The Court: No. I'm not going to get into that. She pled no contest to it in a criminal court. So that should matter more than anything else at this point in time.

7

[Defense Counsel]: But she testified.

The Court: No, I've ruled.

[Defense Counsel]: Okay.

In his fourth issue, Jolly argues that the trial court abused its discretion and denied him his right of confrontation under the Sixth Amendment when it prohibited him from questioning Mindy about her propensity for violence or past violent behavior. The following exchange occurred:

[Defense counsel]: Ever behave like that before, Mindy?

[Prosecutor]: Objection, relevance.

The Court: Sustained.

In his fifth issue, Jolly argues that the trial court abused its discretion and denied him his right of confrontation under the Sixth Amendment when it prohibited him from questioning Mindy about prior assault allegations against her. The following exchange occurred:

[Defense counsel]: Mindy, have you ever assaulted anyone before?

[Prosecutor]: Objection, relevance.

The Court: Sustained.

[Defense counsel]: Judge, it goes to character. It goes to pattern.

In each instance above, Jolly never argued that the Confrontation Clause demanded admission of the evidence that he sought to introduce.

8

Consequently, the trial court never had the opportunity to rule upon this rationale. Because Jolly failed to raise at trial the Confrontation Clause argument that he now asserts on appeal, he did not preserve this issue for appellate review. *See Reyna*, 168 S.W.3d at 179. We overrule Jolly's first, second, fourth, and fifth issues. As to Jolly's third issue, to the extent Jolly argues that he was denied his right of confrontation, we overrule his third issue.

In his third issue, Jolly argues that the trial court abused its discretion when it prohibited Jolly from asking a defense witness if Mindy told her that she had assaulted the complainant in Mindy's assault case because the complainant had told Mindy that she was an unfit parent and not because the complainant had grabbed Mindy's daughter by the arm. The general rule is that a party is not entitled to impeach a witness on a collateral matter. *Ramirez v. State*, 802 S.W.2d 674, 675 (Tex. Crim. App. 1990). However, when a witness leaves a false impression concerning a matter relating to his or her credibility, the opposing party may attempt to correct that false impression *on cross-examination*. *Id*. at 676. "[T]he opponent must correct the 'false impression' through cross-examination of the witness who left the false impression, *not* by calling other witnesses to correct that false impression." *Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002). To the extent that Jolly does not raise a right of confrontation argument in this issue, the trial

9

court did not abuse its discretion by prohibiting Jolly from attempting to correct the alleged false impression that Mindy left about the circumstances surrounding her assault case by questioning a third party about the false impression in an attempt to correct it. Accordingly, we overrule the remainder of Jolly's third issue.

In his sixth issue, Jolly argues that the trial court erred when it made an oral pronouncement of sentence requiring him to attend "in-custody BIP" (a batterers' intervention program) while he served his sentence because attending counseling is not a form of punishment included for the offense of assault bodily injury. He asks us to strike the counseling requirement, but he also prays that we reverse his conviction and sentence.

Section 12.01 of the penal code provides that "[a] person adjudged guilty of an offense under this code shall be punished in accordance with this chapter and the Code of Criminal Procedure." TEX. PENAL CODE ANN. § 12.01 (Vernon 2003). With certain exceptions inapplicable here, the offense of assault bodily injury is a class A misdemeanor. *See id*. § 22.01(a)(1), (b). A class A misdemeanor carries with it a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both a fine and confinement. *Id*. § 12.21.

The requirement that Jolly attend "in-custody BIP" during his 120-day sentence is thus not authorized by law, which the State has essentially

10

conceded. *See id.* A sentence not authorized by law is unenforceable. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

Although the trial court made an oral pronouncement requiring Jolly to attend "in-custody BIP," the written judgment does not contain this portion of the sentence. Generally, an oral pronouncement of a sentence will control over the written judgment, and the solution when there is a conflict is to modify the written judgment to conform to the sentence that was orally pronounced. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). But nothing in *Coffey* suggests that if the oral pronouncement of a sentence is legally unenforceable, as in the present case, the unenforceable oral pronouncement nonetheless prevails over an enforceable written sentence as set forth in the judgment. *Ribelin v. State*, 1 S.W.3d 882, 885 n.2 (Tex. App.—Fort Worth 1999, pet. ref'd). The sentence that a defendant serves is based on information contained in the written judgment. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon 2006).

Here, the written judgment is enforceable because it falls within the statutory range of punishment for a class A misdemeanor. There is nothing to suggest that the legally unenforceable oral pronouncement of sentence controls over Jolly's written sentence. The State has not argued as much, and we have

11

found no authority supporting that conclusion after conducting our own research.  Consequently, because (1) the oral pronouncement requiring Jolly to attend "in-custody BIP" is unenforceable, (2) the written judgment is enforceable, and (3) we have found no authority showing that the legally unenforceable oral pronouncement of sentence controls over the written judgment, to the extent Jolly argues that his sentence is void, we can only hold that the trial court's error in orally pronouncing sentence did not affect Jolly's substantial rights.  *See* TEX. R. APP. P. 44.2(b); TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1; *Tucker v. State*, No. 05-02-00616-CR, 05-02-00617-CR, 2003 WL 42438, at *3 (Tex. App.—Dallas Jan. 7, 2003, pet ref'd) (not designated for publication) (holding that trial court's error in orally pronouncing sentence outside of punishment range did not affect appellant's substantial rights because sentence imposed by written judgment was within statutory range of punishment).[2]  We overrule Jolly's sixth issue.

---

[2] Like the appellant in *Tufele v. State*, Jolly requests that we strike the oral pronouncement of sentence requiring him to attend counseling.  130 S.W.3d 267 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  In that case, during its oral pronouncement of sentence, the trial court ordered Tufele to display two photographs of the "victim" in his cell for at least the first two years of incarceration.  *Id*. at 272.  The trial court's written judgment did not contain this portion of the sentence.  *Id*. at 274.  The court of appeals struck that portion of his sentence because they had no way of knowing whether appellant, who was serving his sentence, had been required to display the two photographs*.  Id*.  Here, Jolly is free on bond pending appeal.  Because the

Having overruled all of Jolly's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL F: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: June 19, 2008

---

sentence that Jolly will serve is based on information in the written judgment, *see* article 42.01, § 1, code of criminal procedure, and the written judgment does not mention in-custody BIP, we decline to "strike" the offending language, "You also will do in-custody BIP while you're in jail," from the reporter's record.