

# NUMBERS 13-11-00678-CR AND 13-11-00679-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MICHAEL DAVID BARKSDALE,**                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

## On appeal from the County Court at Law No. 5 of Nueces County, Texas.

## MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Michael David Barksdale, pro se, was charged by complaint in the justice court with the misdemeanor offenses of no registration (cause number 2011 CR 01166 TR-JP1-1) and no safety belt–driver (cause number 2011 CR 01168 TR-JP1-1).

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

*See* TEX. TRANSP. CODE ANN. §§ 505.002 (West Supp. 2011), 545.413(a)(1), (d) (West 2011).   A jury found Barksdale guilty of the two offenses.

Barksdale appealed de novo to the county court at law in cause numbers 11-CR-3186-5 and 11-CR-3187-5, respectively.[2]   The county court at law denied Barksdale's motion to dismiss for lack of jurisdiction, where he asserted that the court did not have jurisdiction because no indictment or information had been filed in either case. The county court at law also overruled Barksdale's no-jurisdiction trial objection.   Having waived a trial by jury, the county court at law found Barksdale guilty of the charged offenses.

On appeal, Barksdale contends that the lower courts did not have jurisdiction because there was no valid charging instrument.   We affirm.[3]

## I.  The Complaint

By his sole issue, Barksdale maintains that the justice court and the county court at law were without jurisdiction to act on the cases against him because no indictment or information was issued.   We disagree.

## A.     Applicable Law and Standard of Review

Chapter 45 of the Texas Code of Criminal Procedure sets forth the procedures to be followed by justice and municipal courts.   *See* TEX. CODE CRIM. PROC. ANN. art. 45.001-.56 (West 2006 & West Supp. 2011).   Article 45.018(a) of chapter 45 provides that "a complaint is a sworn allegation charging the accused with the commission of an

---

[2] Because the justice court is not a court of record, appeal to the county court was de novo.   *See* TEX. CODE CRIM. PROC. ANN. art. 44.17 (West 2006).

[3] Because the cases were tried together, resulting in convictions on both charges and companion appeals to this Court, we will address them in one opinion.

2

offense." *Id.* at art. 45.018(a) (West 2006). Thus, neither an information nor an indictment is required to invoke the criminal jurisdiction of a municipal court or a justice court; there, criminal jurisdiction is created by filing a complaint. *See Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995) (en banc) ("A complaint serves as the sole charging instrument in the municipal court."). We review this matter de novo. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) (providing that an appellate court should conduct de novo review on the resolution of a question of law when the trial court's decision does not involve evaluation of credibility and demeanor of a witness).

## B. Analysis

Barksdale does not dispute that a complaint was filed in each case.[4] The complaint filed against Barksdale in cause number 2011 CR 01166 TR-JP1-1 alleged that, on March 31, 2011, Barksdale,

> did then and there, owned a motor vehicle, trailer, or semitrailer and failed to apply for the registration of the vehicle for: each registration year in which the vehicle was used or to be used on a public highway, and if the vehicle was unregistered for a registration year that had begun and that applies to the vehicle and if the vehicle was used or to be used on a public highway, the remaining portion of that registration year, against the peace and dignity of the State.

*See* TEX. TRANSP. CODE ANN. § 505.002. The complaint filed in cause number 2011 CR

---

[4] In his statement of the case, Barksdale set out the following:

> The hearing begins on October 17th, 2011. Defendant asks for case to be dismissed due to not receiving notice of complaint 1 day prior to any proceedings. Judge directed the prosecutor to give a copy of the complaint to defendant. Defendant then objected and asked judge to dismiss for lack of notice. Judge denied and set the hearing for October 18th, 2011.

However, Barksdale does not support his statement with clear and concise arguments and with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (("It is incumbent upon counsel to cite specific legal authority and to provide legal argument based upon that authority."). Therefore, we conclude that Barksdale's lack-of-notice contention, if any, is inadequately briefed. *See Tufele v. State*, 130 S.W.3d 267, 271 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

01168 TR-JP1 alleged that Barksdale, on March 31, 2011,

> did then and there, was at least 15 years of age, and was riding in the front seat of a passenger vehicle while the vehicle was being operated, and was occupying a seat that was equipped with a safety belt, and was not secured by a safety belt, against the peace and dignity of the State.

*See id.* § 545.413(a)(1).

Because the complaints served as a valid charging instruments in the justice court, they properly invoked the jurisdiction of that court. *See Huynh*, 901 S.W.2d at 481 n.3; *Schinzing v. State*, 234 S.W.3d 208, 211 (Tex. App.—Waco 2007, no pet.); *Bailey v. State*, 15 S.W.3d 622, 626 (Tex. App.—Dallas 2000, no pet.); *see also Camp v. State*, No. 06-12-00054-CR, 2012 Tex. App. LEXIS 3518, *1-9 (Tex. App.—Texarkana May 3, 2012, pet. ref'd). Moreover, no information was required in the county court at law because the complaint in the justice court served as the functional equivalent of an information in the county court at law. *See Blevins v.* State, 672 S.W.2d 828, 829 (Tex. App.—Corpus Christi 1984, no pet.). We overrule Barksdale's sole issue.

## II. Conclusion

We affirm the judgments against Barksdale.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 24th
day of January, 2013.