**Opinion issued December 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01027-CR

———————————

**RODNEY MILUM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1347034**

---

## CONCURRING OPINION

I concur in the Court's judgment and join in its opinion except in regard to

its discussion of the second issue of appellant, Rodney Milum.[1]

---

[1] In particular, I express concern regarding the majority's analysis of the "performance component" of appellant's ineffective assistance of counsel claim as well as its response to the State's complaint that appellant did not "raise[]" an

In his second issue, appellant argues that his trial counsel provided him with ineffective assistance because counsel "failed to object to the trial court's imposition of [certain] conditions of community supervision on appellant, which are unconstitutional and otherwise invalid." The two conditions, to which his trial counsel did not object, place restrictions on appellant's ability to attend religious services/activities and his ability to access the internet.

To prevail on an ineffective-assistance claim, appellant must show that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) counsel's deficient performance caused appellant prejudice, i.e., there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. It is appellant's burden to establish both prongs of the *Strickland* test by a preponderance of the evidence, and the

ineffective-assistance claim until the Court "ordered" him to do so. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 697, 104 S. Ct. 2052, 2064, 2068–69 (1984) (explaining ineffective assistance of counsel claim has "performance component" and "prejudice component"); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) ("[W]hen no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did.").

failure to demonstrate either deficient performance or prejudice will defeat a claim of ineffectiveness. *See Perez*, 310 S.W.3d at 893; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

Although a defendant may assert a claim of ineffective assistance of counsel for the first time on direct appeal, often times the record in such a case is insufficient. *See Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App. 2008); *see also Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Here, appellant did not file a motion for new trial in the trial court, and the record presented to this Court on direct appeal is limited regarding his ineffective-assistance claim. *Cf. Tufele v. State*, 130 S.W.3d 267, 271 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Notably, while appellant devotes the majority of his argument regarding his ineffective-assistance claim to asserting that his trial counsel's performance was deficient, he does not identify how such a deficient performance by his counsel actually prejudiced him. In his brief, appellant devotes only a single sentence to arguing that he was prejudiced by his trial counsel's failure to object to the above-referenced community-supervision conditions. Specifically, appellant states, without citation to the record or supporting authority:

> . . . [B]ut for [a]ppellant's trial counsel's failure to object to the invalid conditions of supervision, the outcome would have been

3

different in that [a]ppellant would either not have been saddled with unconstitutional and legally invalid conditions of community supervision for a period of eight years in the first place (*had the trial court sustained the objections*), or would at least have clearly preserved the right to challenge those invalid conditions and seek their deletion on appeal.

Mere conclusory assertions of prejudice are not enough. In order to prevail on his ineffective-assistance claim, "the record must affirmatively demonstrate the meritorious nature of [his] claim," and appellant must be able to direct this Court to objective facts in the record to support a lack of confidence in the outcome, i.e., proof of prejudice. *See Menefield*, 363 S.W.3d at 592 (internal quotations omitted); *Bone v. State*, 77 S.W.3d 828, 836–37 (Tex. Crim. App. 2002); *see also Applin v. State*, 341 S.W.3d 528, 535 (Tex. App.—Fort Worth 2011, no pet.) ("It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record."). Here, the record simply does not provide such evidence of prejudice.

Because the limited record available in this direct appeal does not support a finding of prejudice, I would hold that appellant has not met his burden under the second prong of the *Strickland* test and cannot prevail on his ineffective-assistance claim at this juncture.[2] *See Ladd v. State*, 3 S.W.3d 547, 570 (Tex. Crim. App.

---

[2] It should be noted that appellant is not without recourse in regard to his ineffective-assistance claim. It is well-established that appellant "can resubmit his claim via an application for writ of habeas corpus," which would allow an opportunity for "a dedicated hearing [in the trial court] to consider the facts,

4

1999) (defendant's failure to make any effort to prove prejudice from defense counsel's allegedly deficient performance during punishment phase of capital murder trial precluded relief on ineffective-assistance claim); *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999) (defendant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance).

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Jennings, J., concurring.

Publish.  TEX. R. APP. P. 47.2(b).

---

circumstances, and rationale behind counsel's actions" and would provide appellant with an opportunity to establish that he has been prejudiced by his counsel's failure to object to the challenged community-supervision conditions. *See Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see also Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) ("[W]e have held that, when direct appeal has not provided an adequate record to evaluate a claim which might be substantiated through additional evidence gathered in a habeas corpus proceeding, we will not apply the general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal.").