Opinion issued April 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00021-CR

———————————

Michael Charles Evans, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th District Court

Harris County, Texas



Trial Court Case No. 1259297

 



 

MEMORANDUM OPINION

          Appellant
Michael Charles Evans pleaded guilty to burglary of a habitation without having
an agreed punishment recommendation.  See Tex. Penal Code Ann. § 30.02(a), (c) (West 2011) (establishing offense). 
The trial court convicted and sentenced him to nine years of
imprisonment.  In his sole issue on
appeal, Evans argues that the trial court pronounced a partially illegal sentence
and asks us to strike the allegedly illegal portion of the orally pronounced
sentence.  We modify the judgment to
correct an unrelated error concerning Evans’s right of appeal, and we affirm
the judgment as modified.

Background

Without having an agreement with the State about its
recommendation on punishment, Evans entered a plea of guilty on the charge of
burglary of a habitation.  At that time,
the trial court withheld a finding of guilt until completion of a presentence
investigation report.  Following Evans’s
testimony and arguments by counsel on both sides, the trial court orally
pronounced the following sentence:

Having pled guilty to the offense of burglary of habitation, having had a
full-blown presentence investigation, having read the presentence investigation
and the letters, which were provided to me—provided to me today from your grandmother
and others, I, at this time, sentence you to nine years in the Institutional
Division of Texas Department of Criminal Justice.  You will be remanded to the Sheriff so he can
obey and carry out the sentence of this Court. You will serve not less than
nine years, no more than nine years in the Institutional Division of the Texas Department
of Criminal Justice. You are remanded to the Sheriff so he can obey and carry
the sentence of this court.

The
written judgment stated, “Punishment and Place of Confinement: 9 YEARS
INSTITUTIONAL DIVISION, TDCJ.”  Evans
filed a notice of appeal on the same day that the judgment was signed.

Analysis

          In his sole issue, Evans challenges
the legality of the portion of the orally pronounced sentence that he “serve not less than nine years.”  He does not otherwise challenge the oral
pronouncement of sentence, nor does he challenge the written judgment.  Evans offers two alternative interpretations
of the trial judge’s pronouncement that he “serve not less than nine years, no
more than nine years.”  His first
interpretation is that the trial judge attempted to pronounce an indeterminate
sentence, which he argues would be illegal because an indeterminate sentence’s
minimum must be the same as the statutory minimum sentence for the
offense.  The statutory minimum for
Evans’s offense, a second degree felony, is two years.  See Tex. Penal Code Ann. § 12.33 (West 2011).  Evans’s second interpretation is that the
trial judge attempted to pronounce a mandatory incarceration sentence of
exactly nine years, which he argues would also be illegal because it does not
allow for parole or good time credits. 
Evans argues that regardless of the trial court’s intention, the proper
remedy is to strike the allegedly “illegal portion” of the oral sentence, that
is, the statement that Evans “will serve not less than nine years.”  Evans does not request any other relief from
this court.

The State argues that the oral pronouncement of sentence was
legal because it falls within the statutory range.  The State alternatively argues that even if
the oral pronouncement is somehow erroneous, this court does not need to take
any corrective action because Evans’s substantial rights have not been
prejudiced and Evans will serve the sentence reflected in the written
judgment.  See Tex. Code
Crim. Proc. Ann. art. 42.01,
§ 1 (West 2006) (“The sentence served shall be based on the information
contained in the judgment.”).

          A review of the record does not
clarify what the trial judge intended when he orally sentenced Evans to “not
less than nine years, no more than nine years.” 
When there is a conflict between the oral pronouncement of sentence and
the sentence in the written judgment, the oral pronouncement ordinarily
controls.  See Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).  In the event of such a discrepancy, the usual
remedy is to reform the written judgment to conform to the sentence that was
orally pronounced.  Id.  “The rationale for this
rule is that the imposition of sentence is the crucial moment when all of the
parties are physically present at the sentencing hearing and able to hear and
respond to the imposition of sentence.”  Ex parte Madding, 70
S.W.3d 131, 135 (Tex. Crim. App. 2002).

However, when the orally pronounced sentence is illegal and
unenforceable, but the sentence in the written judgment is legal and
enforceable, Texas courts have recognized an exception to the general
rule.  In such a case, the written
judgment is not reformed to conform to the illegal sentence that was orally
pronounced, and the only issue on appeal is whether the
variance affects the appellant’s substantial rights. 
See Tex. R. App. P. 44.2(b); State
v. Posey, 300 S.W.3d 23, 34–35 (Tex. App.—Texarkana 2009), aff’d on other grounds, 330 S.W.3d 311 (Tex.
Crim. App. 2011); Epps v. State, No.
05-07-00040-CR, 2007 WL 2446546, at *3 (Tex. App.—Dallas Aug. 17, 2007, no
pet.) (mem. op., not designated for publication); Jolly v. State,
No. 02-06-00386-CR, 2008 WL 2510619, at *5 (Tex. App—Fort Worth June 19, 2008, no pet.) (mem. op., not designated for publication); Tucker v. State, No. 05-02-00616-CR,
2003 WL 42438, at *3 (Tex. App.—Dallas Jan. 7, 2003, pet. ref’d)
(not designated for publication); Ribelin v. State,
1 S.W.3d 882, 884–85 & n.2 (Tex. App.—Fort Worth
1999, pet. ref’d). 
Because the sentence to be served is “based on the information contained
in the judgment,” see Tex. Code Crim. Proc. Ann. art. 42.01, § 1, any variance
between an illegal, unenforceable sentence in the oral pronouncement and a
legal, enforceable sentence in the written judgment usually does not affect the
defendant’s substantial rights, and the variance is disregarded.  See
Posey, 300 S.W.3d at 34–35;
Epps, 2007 WL 2446546, at *3; Jolly, 2008 WL
2510619, at *5; Tucker, 2003 WL
42438, at *3; Ribelin,
1 S.W.3d at 884–85 & n.2.

          Evans relies heavily on Tufele v. State, 130 S.W.3d 267, 274 (Tex.
App.—Houston [14th Dist.] 2004, no pet.), to argue that this court should
strike the allegedly illegal portion of the trial court’s oral sentence.  In Tufele, the trial court’s oral pronouncement of sentence
ordered that a criminal defendant, who was convicted of shaking a child to
death, display photographs of the victim in his prison cell, although the
written judgment did not reflect this sentencing requirement.  Id. at 269.  The court
of appeals concluded that this part of the oral pronouncement on punishment,
which had no statutory basis, was illegal. 
Id. at 273–74.  Observing that it had “no way of knowing” whether the Texas
Department of Criminal Justice was complying with the “illegal portion” of the
oral pronouncement of sentence, the court of appeals struck the illegal portion
of the oral pronouncement, but it otherwise affirmed the written judgment.  Id. at 274.

          This case does not present the unique
concern resented in Tufele.  The trial court in this case, unlike in Tufele, did not
orally pronounce a special order on punishment distinct from the sentence’s
duration.  Evans’s sentence “shall be
based on the information contained in the judgment,” notwithstanding the
wording of the orally pronounced sentence. 
See Tex. Code Crim. Proc. Ann. art. 42.01, § 1.  On appeal, any alleged variance between the
oral pronouncement of sentence and the written judgment that does not affect
the criminal defendant’s substantial rights is disregarded.  See Tex. R. App. P. 44.2(b); Epps,
2007 WL 2446546, at *3; Ribelin,
1 S.W.3d at 885. 
Assuming, without deciding, that the oral pronouncement of sentence in
this case was partially illegal, we disregard the variance because Evans’s
substantial rights have not been affected.

          We overrule Evans’s sole issue.

Modification of
Judgment

          The written judgment of the trial
court, under the heading of “special findings or orders,” states, “APPEAL
WAIVED.  NO PERMISSION TO APPEAL
GRANTED.”  The preprinted form containing
the plea of guilty, reflecting signatures by Evans, his attorney, the deputy
district attorney, the assistant district attorney, and the presiding judge,
purports to “waive any right of appeal” that Evans may have.  This part of the form suggests a plea bargain
and waiver of Evans’s right of appeal.  See Tex.
Code Crim. Proc. Ann. art. 1.14(a)
(West 2005) (providing that non-capital criminal defendant may waive rights); Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006)
(providing that defendant may not appeal without trial court’s permission if he
pleaded guilty pursuant to plea bargain and sentence did not exceed agreed
recommendation).

However, the trial court’s “Certification of Defendant’s
Right of Appeal” form has a checked boxed next to preprinted text stating that
this “is not a plea-bargain case, and the defendant has the right of
appeal.”  See Tex. R.
App. P. 25.2 (requiring trial court to enter
defendant’s certification of right of appeal).  Because some evidence in the record tends to
refute the certification, we must examine it for any defect.  See
Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (holding that “Court
of Appeals was obligated to review that record in ascertaining whether the
certifications were defective” when “certifications state that these are plea
bargain cases, but the record refutes this”).

A waiver of appeal is not binding when it is executed before
the trial court proceeds to adjudicate guilt, it is not bargained for, and
there is no recommended sentence.  Ex parte Delaney, 207
S.W.3d 794, 798 (Tex. Crim. App. 2006). 
In this case, the trial court had not yet adjudicated guilt when Evans
signed the waiver.  The boilerplate “plea
of guilty” form reflects no plea bargain. 
See Shankle
v. State, 119 S.W.3d 808, 813 & n.11 (Tex. Crim. App. 2003) (discussing
“two basic kinds” of plea bargains: charge-bargaining and
sentence-bargaining).  A handwritten notation
on the form states that Evans’s punishment would be set “without agreed
recommendation—defendant
to complete PSI.”  The reporter’s record
corroborates the absence of an agreed recommendation, insofar the trial judge
expressly acknowledged at the opening of the PSI hearing that “[t]here was no
agreed recommendation.”  An agreed
recommendation on punishment is essential to deprive a plea-bargaining
defendant of his right of appeal under the rules of appellate procedure.  See
Shankle,
119 S.W.3d at 814; Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2).  Thus, the record before this court reflects
the three factors required to render a waiver of appeal non-binding.  See
Ex parte Delaney, 207 S.W.3d at 798.

Furthermore, the trial court’s certification of the right of
appeal presumptively reflects whether the appellant may appeal, because the
certification must reflect whether the defendant has a right of appeal but the
judgment need not reflect any such finding. 
See Grice v. State, 162 S.W.3d
641, 645 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d)
(comparing Tex. R.
App. P. 25.2 and Tex. Code. Crim. Proc. art. 42.01, § 1 and
concluding that stamped indication of waiver of appeal in written judgment was
“surplusage”).  The State’s
failure to assert waiver of appeal in this court further indicates that there
was no understanding that Evans would waive his right of appeal.  See
Menefee v. State, 287 S.W.3d 9, 12 n.12 (Tex.
Crim. App. 2009) (relying on trial court’s certification of defendant’s right
of appeal, despite signed waiver of appeal, when State failed to raise issue of
waiver); Willis v. State, 121 S.W.3d
400, 403 (Tex. Crim. App. 2003) (concluding that record demonstrated
appellant’s intention to appeal, despite boilerplate waiver on plea-of-guilty
form, when State failed to assert waiver in court of appeals).

The parties have not addressed the judgment’s special finding
or order regarding Evans’s right of appeal. 
Nevertheless, based on our review, we conclude that this portion of the trial
court’s judgment does not accurately comport with the record.  “[A]n appellate court has authority to reform
a judgment to include an affirmative finding to make the record speak the truth
when the matter has been called to its attention by any source.”  French
v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing Asberry v. State, 813 S.W.2d 526, 531 (Tex.
App.—Dallas
1991, pet. ref’d)); accord Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.
—Houston [1st Dist.]
2001, no pet.) (observing that appellate court has power to correct and reform trial
court judgment to make the record speak truth when appellate court has necessary
data and information to do so); see also
Tex. R. App. P. 43.2(b).  Because the boilerplate waiver of appeal is
non-binding, the trial court’s certification states that Evans has the right to
appeal his conviction, and the State has not argued that Evans waived his right
of appeal, the record supports modification of the judgment.  Accordingly, we modify the trial court’s
judgment to strike the special finding or order of “APPEAL WAIVED.  NO PERMISSION TO APPEAL GRANTED.”

Conclusion

          We
modify the judgment of the trial court to strike the special finding or order of “APPEAL WAIVED.  NO PERMISSION TO APPEAL GRANTED.”  We affirm the judgment as modified.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel consists of Justices Jennings, Massengale, and
Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).