*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# OPINION

No. 04-10-00007-CR

Ruben **MORENO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 01-0697-CR
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed: July 21, 2010

STATE'S MOTION TO DISMISS GRANTED AND APPEAL DISMISSED

In 2002, appellant Ruben Moreno pleaded nolo contendere to the offense of delivery of marijuana pursuant to a plea bargain agreement. Pursuant to the plea agreement, the trial court sentenced him to ten years confinement, but in lieu of confinement, placed appellant on community supervision for a term of ten years. In 2009, the State filed its third motion to revoke appellant's community supervision. The State ultimately alleged appellant violated seven conditions of

probation. In response, appellant signed a "Stipulation and Judicial Confession" in which he pled true to violating six of the seven conditions asserted in the State's motion to revoke. In addition to pleading true to numerous probation violations, appellant also waived numerous rights, including his right to appeal.

The trial court revoked appellant's probation, and sentenced him to ten years confinement in the Texas Department of Criminal Justice-Institutional Division. The trial court completed a certification of the defendant's right to appeal pursuant to rule 25.2(d). *See* TEX. R. APP. P. 25.2(d). In that certification, the trial court stated appellant had waived his right to appeal. It appeared the waiver was invalid because according to the record before this court, it was not made pursuant to an agreement on sentencing, or made post-sentencing.[1] *Compare Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000) *with Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977). Accordingly, we ordered the trial court to amend its certification. *See* TEX. R. APP. P. 25.2(f).

When the trial court filed its amended certification, the trial court also included a statement that appellant orally waived his right to appeal "at the conclusion of the revocation hearing and sentencing." According to the trial court, the waiver was made in open court, under oath, and with counsel present. Subsequently, the State filed a motion asking this court to (1) reconsider our order requiring the trial court to amend the certification, and (2) strike the amended certification. The State also filed a motion to dismiss the appeal based on appellant's waiver. Given the information provided this court in the trial court's amended certification regarding appellant's oral waiver, we granted the State's motion to reconsider and motion to strike and ordered our February 10, 2010

---

[1] No reporter's record has been filed in this case. Thus, when we ordered the trial court to amend its certification, we where unaware of any oral waiver of the right to appeal.

order withdrawn and the trial court's amended certification stricken. We further ordered appellant to show cause why this appeal should not be dismissed based on the waiver of appeal. We stated that if appellant did not show cause why this appeal should not be dismissed, we would dismiss the appeal. Appellant did not file a response to our show cause order.

In *Monreal v. State*, the court of criminal appeals held that "[a] valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court." 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). However, the court of criminal appeals has also held that pre-sentencing waivers of the right to appeal are not "valid" because they cannot, as a matter of law, be made knowingly, voluntarily, and intelligently. *Thomas*, 545 S.W.2d at 470. In *Blanco*, the court distinguished *Thomas*. *Blanco*, 18 S.W.3d at 220. In *Blanco*, after a jury convicted the defendant but before sentencing, the defendant and the State entered into an agreement by which the State promised to recommend a sixteen-year sentence. *Id.* In exchange, the defendant promised not to appeal his conviction. *Id.* The court of criminal appeals held the defendant in *Blanco* waived his right to appeal despite the fact it was made pre-sentencing because unlike the defendant in *Thomas*, the defendant in *Blanco* bargained for a sentencing recommendation in exchange for his waiver of the right to appeal, which was honored by the trial court. *Id.* Thus, pursuant to the court's holdings in *Monreal*, *Thomas*, and *Blanco*, a waiver of the right to appeal is valid, i.e., knowingly, voluntarily, and intelligently made, when the waiver is made subject to a bargained for sentencing recommendation, which is subsequently followed by the trial court, or when the waiver is made post-sentencing. A waiver is valid under those circumstances because in both instances the defendant, at the time of the waiver, knows the likely consequences of the waiver. *See Tufele v. State*, 130 S.W.3d 267, 270 (Tex. App.—Houston [14th Dist.] 2004, no pet.). In this

case, as noted above, the trial court has advised this court in writing that appellant made an oral waiver of his right to appeal after the trial court imposed a ten year sentence. Because the waiver was made after sentencing, appellant, like the defendant in *Monreal*, knew the consequences of the waiver. This rendered his waiver valid, i.e., it was knowingly, voluntarily, and intelligently made. The fact that the waiver was oral rather than written is of no consequence. *See Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd) (holding written or oral waiver prevents defendant from appealing as long as waiver was made knowingly, intelligently, and with certainty as to what punishment would be assessed).

Based on the foregoing, we hold appellant has waived his right to appeal. Accordingly, we grant the State's motion to dismiss the appeal and the appeal is dismissed.

Marialyn Barnard, Justice

Publish