Opinion issued July 28, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00858-CR

———————————

Jeremy Deante Williams, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 338th District Court

Harris County, Texas



Trial Court Case No. 1074601

 



 

MEMORANDUM OPINION

          Appellant,
Jeremy Deante Williams, pleaded guilty to the offense of assault family
violence-second offender.  See Tex.
Penal Code Ann. § 22.01 (West 2011). 
The trial court deferred adjudication of guilt and placed appellant on
community supervision for four years. 
The State subsequently filed a motion to adjudicate guilt to which
appellant pleaded true.  The State and
appellant agreed to the sentence that the trial court should impose.  

The trial court found true the
State’s allegation that appellant had violated the conditions of his community
supervision, found appellant guilty, and sentenced him to confinement for two
years, in accordance with the agreement between the State and appellant.  Appellant filed a notice of appeal.  His counsel on appeal has filed a motion to
withdraw and an Anders brief stating
that the record presents no reversible error and that the appeal is without
merit.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  

          The
trial court completed a certification of appellant’s right to appeal, stating
that this is a plea-bargain case and that appellant has no right of
appeal.  That certification, however, was
defective:  it is improper for a
certification to characterize a sentence as a “plea bargain” when a defendant’s
agreement to a sentence arose from a community supervision revocation
proceeding.  See Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); see also Hargesheimer v. State, 182
S.W.3d 906, 913 (Tex. Crim. App. 2006) (“There was no second plea bargain with
regard to punishment, and even if there had been, Rule 25.2(a)(2) would not
apply to restrict appeal because of our holding in Dears.”).  Further, the
clerk’s record contained other evidence that appellant negotiated a waiver of
his right of appeal in exchange for an agreed sentence.  On the day the trial court adjudicated his
guilt, appellant signed a stipulation of evidence providing that, as part of
his agreement to plead true to the State’s adjudication motion, he agreed to
waive any right of appeal.  The judgment
adjudicating guilt likewise indicated a waiver of the right to appeal.    

Based on all of the foregoing, we
abated this appeal and ordered the trial court to correct its
certification.  The trial court filed an
amended certification in compliance with our order.  The amended certification is signed by the
trial court judge, appellant, and appellant’s counsel.  It contains the typed form language “the
defendant has waived the right of appeal” along with a handwritten notation
“following adjudication of community supervision.”  No reporter’s record of the abatement hearing
was filed.  

We requested that the parties file
supplemental briefs on the issue of why this appeal should not be dismissed
based on the waiver of appeal.  Neither
appellant nor the State filed any supplemental briefing.  

          “[A]
valid waiver of appeal, whether negotiated or non-negotiated, will prevent a
defendant from appealing without the consent of the trial court.”  Monreal
v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).  “[A] waiver of the right to appeal is valid,
i.e., knowing, voluntary, and intelligent, when the waiver is made subject to a
bargained-for sentencing recommendation, which is subsequently followed by the
trial court, or when made post-sentencing.” 
Moreno v. State, 327 S.W.3d
267, 268 (Tex. App.—San Antonio 2010, no pet.); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex.
Crim. App. 2000).  A waiver under such
circumstances is valid because the defendant, at the time of the waiver, knows
the likely consequences of the waiver.  See Tufele v. State, 130 S.W.3d 267, 270
(Tex. App.—Houston [14th Dist.] 2004, no pet.). 


          In
this case, appellant first indicated his choice to waive his right of appeal on
the same day the trial court signed its judgment adjudicating guilt.  The record reflects that the waiver was
bargained for, and the trial court sentenced appellant in accordance with his
agreement with the State.  Nearly one-and-one-half
years later, by his signature on the amended certificate of the right to
appeal, appellant confirmed the waiver. 
The consequences of appellant’s plea were exactly as he and the State
agreed they should be, and when appellant signed the amended certificate he
knew his punishment.  Under these
circumstances, we conclude that appellant’s waiver of appeal was knowing, voluntary,
and intelligently made.  Nothing in the
record suggests that the trial court has consented to this appeal despite
appellant’s waiver.  

Because appellant has waived his
right to appeal and does not have the trial court’s consent to appeal, we
dismiss this appeal.  Appellant’s
counsel’s motion to withdraw is dismissed as moot.  


PER CURIAM

Panel
consists of Justices Higley, Sharp, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).