

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00344-CR

JOHN ACE ESLICK                                                       APPELLANT

V.

THE STATE OF TEXAS                                                     APPELLEE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

John Ace Eslick attempts to appeal his conviction for aggravated robbery with a deadly weapon. The trial court's certification of Eslick's right to appeal states that he waived the right of appeal.

On August 16, 2011, we sent the parties a letter notifying them that this appeal may be dismissed based on the trial court's certification unless any party

---

[1]*See* Tex. R. App. P. 47.4.

filed a response on or before August 26, 2011, showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f). We received no response.

A defendant may waive his right to appeal if the defendant executes a waiver of appeal voluntarily, knowingly, and intelligently. *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (citing *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)); *see also* Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2005) (providing that a defendant in a non-capital case may waive any rights secured him by law). Post-sentencing waivers of the right to appeal are valid because the defendant knows the consequences of the waiver. *See Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006); *Moreno v. State*, 327 S.W.3d 267, 268 (Tex. App.—San Antonio 2010, no pet.)

Here, Eslick entered an open plea of guilty, and on April 19, 2011, he executed written plea admonishments and sentencing was passed for preparation of a presentence investigation report. On July 15, 2011, the trial court assessed Eslick's punishment at six years' confinement. Eslick signed a written waiver of appeal on that same date, expressly waiving his right to appeal and accepting "the judgment of conviction and the sentence herein." The written waiver of appeal, the trial court's judgment, and the certification of the right to appeal are all dated July 15, 2011. The trial court noted on the bottom of Eslick's pro se notice of appeal that Eslick had waived his right to appeal in writing in open court after being fully advised of his right to appeal, to a free record, and to

2

free counsel and that the trial court does not grant permission to appeal or to withdraw the waiver of appeal.

Because the record reflects that Eslick executed the written waiver of appeal after sentencing and, consequently, knew the consequences of his waiver, his waiver of appeal was valid. *See Ex parte Delaney*, 207 S.W.3d at 796; *Moreno*, 327 S.W.3d at 268. And because the trial court did not otherwise grant Eslick the right to appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d) (providing that an appeal must be dismissed unless the trial court's certification shows that the defendant has the right of appeal); *Monreal*, 99 S.W.3d at 622 ("[A] valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court.").

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(B)

DELIVERED: November 3, 2011

3