02-11-344-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00344-CR 

 

 


 
 
 John Ace Eslick
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 APPELLEE 
 
 


 

 

----------

 

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          John
Ace Eslick attempts to appeal his conviction for aggravated robbery with a
deadly weapon.  The trial court’s certification of Eslick’s right to appeal
states that he waived the right of appeal.

On August
16, 2011, we sent the parties a letter notifying them that this appeal may be
dismissed based on the trial court’s certification unless any party filed a
response on or before August 26, 2011, showing grounds for continuing the
appeal.  See Tex. R. App. P. 25.2(d), 43.2(f).  We received no response.

A defendant
may waive his right to appeal if the defendant executes a waiver of appeal
voluntarily, knowingly, and intelligently.  Ex parte Broadway, 301
S.W.3d 694, 697 (Tex. Crim. App. 2009) (citing Monreal v. State, 99
S.W.3d 615, 617 (Tex. Crim. App. 2003)); see also Tex. Code Crim. Proc.
Ann. art. 1.14(a) (West 2005) (providing that a defendant in a non-capital case
may waive any rights secured him by law).  Post-sentencing waivers of the right
to appeal are valid because the defendant knows the consequences of the waiver.
 See Ex parte Delaney, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006); Moreno
v. State, 327 S.W.3d 267, 268 (Tex. App.—San Antonio 2010, no pet.)

Here,
Eslick entered an open plea of guilty, and on April 19, 2011, he executed
written plea admonishments and sentencing was passed for preparation of a
presentence investigation report.  On July 15, 2011, the trial court assessed Eslick’s
punishment at six years’ confinement.  Eslick signed a written waiver of appeal
on that same date, expressly waiving his right to appeal and accepting “the
judgment of conviction and the sentence herein.”  The written waiver of appeal,
the trial court’s judgment, and the certification of the right to appeal are
all dated July 15, 2011.  The trial court noted on the bottom of Eslick’s pro
se notice of appeal that Eslick had waived his right to appeal in writing in
open court after being fully advised of his right to appeal, to a free record,
and to free counsel and that the trial court does not grant permission to appeal
or to withdraw the waiver of appeal.   

Because
the record reflects that Eslick executed the written waiver of appeal after
sentencing and, consequently, knew the consequences of his waiver, his waiver
of appeal was valid.  See Ex parte Delaney, 207 S.W.3d at 796; Moreno,
327 S.W.3d at 268.  And because the trial court did not otherwise grant Eslick
the right to appeal, we dismiss the appeal.   See Tex. R. App. P.
25.2(d) (providing that an appeal must be dismissed unless the trial court’s
certification shows that the defendant has the right of appeal); Monreal,
99 S.W.3d at 622 (“[A] valid waiver of appeal, whether negotiated or
non-negotiated, will prevent a defendant from appealing without the consent of
the trial court.”).  

 

 

PER CURIAM

 

PANEL: 
Walker, McCoy, and
Meier, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.