COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



## ORDER OF CONTINUING ABATEMENT

Style:                              Curtis Lee Johnson v. The State of Texas

Appellate case number:    01-11-00352-CR

Trial court:                      208th District Court, Harris County, Texas

Trial court case number:  1178448

The grand jury returned a true bill of indictment against appellant for the felony offense of aggravated robbery. On August 14, 2008, appellant filed a request for counsel and a pauper's oath declaration, and the trial court appointed Jerry Guerinot to represent him. On July 29, 2009, appellant pleaded guilty. Although the plea was without a sentencing agreement or other agreement from the State, the written stipulations and plea documents include language stating that appellant waived his appeal if the punishment assessed by the trial court did not exceed the sentence recommended by the State and agreed to by the appellant. Also on July 29, 2009, the trial court executed a certification of appellant's right of appeal, which indicates that appellant has waived the right of appeal. Almost three months later, on October 19, 2009, judgment was entered against appellant, who was sentenced to 15 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant, acting pro se, filed a notice of appeal on November 9, 2009. Although the record contains no indication that appellant's counsel moved to withdraw or was permitted to withdraw, no counsel has appeared on appellant's behalf in this appeal.

The trial court's certification of the appellant's right of appeal is defective. The certification states that appellant waived the right to appeal, but the record does not support the certification. Appellant did not plead pursuant to a plea bargain, and the record does not contain a written waiver of the right to appeal that was either executed in exchange for some consideration from the State or after appellant was sentenced.[1] *See Ex parte*

---

[1]    Appellant could also have orally waived the right to appeal after the trial court imposed the sentence. *See Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.) ("The fact that the waiver was oral rather than written is of no consequence."); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd) ("A written or oral waiver prevents a defendant from appealing as long as the waiver was made knowingly and intelligently *and* with certainty as to what punishment would be assessed."). As a result of appellant's waiver of the right to have a court reporter record his plea, there is no record to establish whether or not appellant orally waived the right to appeal after sentencing. Because the trial court's certification states that the appellant waived the right to appeal, we normally would "indulge every presumption in favor of the regularity of the documents in the trial court," such that the recitation in the trial court's

*Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (holding that defendant may validly execute pretrial waiver right to appeal where consideration is given by State for waiver); *Ex parte Delaney*, 207 S.W.3d 794, 799–800 (Tex. Crim. App. 2006) (holding "that, in order for a pretrial or presentencing waiver of the right to appeal to be binding at the punishment phase of trial, the waiver must be voluntary, knowing, and intelligent," and that plea agreement involving sentencing recommendation indicates knowing and intelligent waiver); *Monreal v. State*, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003) (upholding non-negotiated waiver of appeal executed after sentence was assessed); *Blanco v. State*, 18 S.W.3d 218, (Tex. Crim. App. 2000) (holding that pretrial waiver of appeal is valid when made in exchange for sentencing recommendation from State). On October 11, 2011, we abated this case for a determination by the trial court of whether appellant had retained his right of appeal and, if so, for determination of appellant's representation on appeal. On February 9, 2012, we issued an order of continuing abatement, ordering the trial court to file an amended certification. No findings or amended certifications have been filed.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1.

In addition, if the appellant has the right of appeal and still desires to pursue this appeal, he is entitled to court-appointed counsel. *See* TEX. CRIM. PROC. ANN. art. 1.051(d)(1), 26.04(p) (West Supp. 2011); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 15 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Jerry Guerinot, shall be present. Appellant shall also be present

---

certification would be "binding in the absence of direct proof of [its] falsity." *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). In this case, however, the trial court's certification was executed on July 29, 2009, which was almost three months before the appellant was sentenced on October 19, 2009. Therefore, the trial court could not have based its statement in the certification that appellant had waived his right of appeal on a post-sentencing oral waiver, because appellant had not been sentenced when the certification was executed. Further, the trial court's judgment contains no indication that appellant waived the right to appeal. Therefore, the record contains no indication that appellant orally waived the right to appeal after sentence was imposed.

2

for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[2]

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating that appellant has the right of appeal;
2) Determine whether appellant still wishes to pursue this appeal;
3) Determine whether appellant's counsel, Jerry Guerinot, intends to represent appellant on appeal or whether counsel should be permitted to withdraw;
4) If counsel is permitted to withdraw, determine whether appellant, after being admonished regarding the dangers and disadvantages of self-representation, is knowingly and voluntarily waiving his right to appointed counsel on appeal and is proceeding pro se, and
   a. If so, the trial court shall obtain a written waiver of the right to counsel from appellant; or
   b. If not, the trial court shall appoint appellate counsel; and
5) Set a deadline for the filing of appellant's brief by either appellant, appointed counsel, or counsel Jerry Guerinot, as appropriate, which deadline must be no more than 30 days from the date of the hearing on this order, regardless of whether the appeal has yet been reinstated.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f) (granting right to representation by counsel in criminal matters; entitling indigent defendant in criminal proceeding to appointed counsel; entitling indigent defendant to appointed counsel for appeal to court of appeals; and authorizing written waiver of right to counsel if made voluntarily and intelligently); 26.04(j)(2) (requiring appointed attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"); 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."); *Ward*, 740 S.W.2d at 798 (requiring that, after permitting appointed trial counsel to withdraw, trial court must either find that appellant is knowingly and voluntarily waiving right to appointed counsel or appoint appellate counsel); *Lopez*, 486 S.W.2d at 560 (same); *Fowler*, 874 S.W.2d at 114 ("When a trial court permits appointed counsel to withdraw,

---

2   On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

3

that court must appoint substitute counsel in the absence of a clear showing in the record that the defendant is no longer indigent or that the defendant desires to represent himself."); *cf.* TEX. CRIM. PROC. ANN. art. 1.051(g) (requiring court to advise defendant in trial court of dangers and disadvantages of self-representation prior to proceeding to trial).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 20 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 20 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 20 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so **ORDERED**.


Judge's signature: /s/ **Justice Harvey Brown**
     ☑ Acting individually   ☐ Acting for the Court

Date: June 18, 2012

4