**Opinion issued May 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00031-CR

———————————

**OSCAR ALLEN MCGAHA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1354337**

---

## MEMORANDUM OPINION

Appellant, Oscar Allen McGaha, pleaded guilty to the felony offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Pursuant to his plea agreement with the State, the trial court deferred adjudication of McGaha's guilt and placed him on community supervision. Subsequently, the

State moved to adjudicate his guilt. After he pleaded true to the State's allegations, the trial court sentenced him to four years in prison. The trial court then certified that this "is a plea-bargain case, and the defendant has no right of appeal." Nevertheless, McGaha filed a pro se notice of appeal.

Because McGaha appealed from a plea of true to a revocation motion, he did not attempt to appeal from a plea-bargained case, and the certification of his right of appeal was defective. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) (holding that Rule of Appellate Procedure 25.2(a)(2) will restrict appeal when appellant appeals placement on deferred adjudication community supervision pursuant to original plea bargain, but will not restrict appeal from proceeding on motion to adjudicate guilt); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (holding that Rule 25.2(a)(2) "refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions" and "[n]othing in Rule 25.2(a)(2) limits [appellant's] right to appeal"); *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) ("[I]n the context of revocation proceedings, the legislature has not authorized binding plea agreements."). Accordingly, we abated the case and remanded to the trial court to execute an amended certification of McGaha's right of appeal. The trial court conducted a hearing on our order, at which McGaha stated, after consulting with counsel, that he did not wish to pursue this appeal and that he wanted to waive his right to

appeal. After finding that McGaha knowingly and voluntarily waived his right to appeal, the trial court certified that McGaha waived his right of appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613. The trial court's certification, which is included in the record on appeal, states that McGaha waived the right of appeal. *See* TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). A waiver of appeal made after sentence is imposed is valid. *See Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd).

Because McGaha waived his right of appeal after his sentence was imposed, he has no right of appeal, and we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d); *Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613.

Accordingly, we reinstate the appeal and dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).