**Opinion issued February 20, 2014**



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-13-00841-CR**

———————————

**AARON NATHANIEL REYES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 12-DCR-061788**

---

**MEMORANDUM OPINION**

Appellant, Aaron Nathaniel Reyes, timely appealed from his conviction for the felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). On October 15, 2013, the trial court clerk filed the clerk's record,

which contains a certification of appellant's right to appeal indicating that this "is not a plea-bargain case, and the defendant has the right of appeal."

On February 4, 2014, however, the trial court clerk filed a supplemental clerk's record, containing a certification of appellant's right of appeal stating that "the defendant has waived the right of appeal." This certification is dated February 3, 2014 and is signed by the trial court, appellant, and appellant's counsel, Larry McDougal, Sr. The supplemental clerk's record also contains a "Motion to Dismiss Appeal," signed by appellant, requesting that "this Court . . . withdraw appellant's notice of appeal and dismiss this appeal, pursuant to Rule 42.2 of the Texas Rules of Appellate Procedure."

Further, on February 7, 2014, the court reporter filed a reporter's record of a hearing held on February 3, 2014. At the hearing, appellant's counsel stated that he had a motion to dismiss, signed by his client, "which will be filed with the First Court of Appeals."[1] The State then informed the trial court that when the motion to dismiss was filed with or forwarded to this Court, the State would dismiss two other pending cases against appellant. Finally, counsel asked appellant if he understood "that when the Court of Appeals dismisses your appeal, that [the State is] going to dismiss the other cases against you," if "that's what you're asking the

---

[1] It appears that appellant's counsel intended to file the motion to dismiss with this Court but ultimately filed it with the trial court, based upon the trial court's instruction to "[f]ile that with the clerk, and they'll forward it up there."

Court and everybody to do," and if it was his request and what he wanted to do, to which appellant replied, "Yes, sir."

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's February 3, 2014 certification, which is included in the record on appeal, states that appellant waived the right of appeal. *See* TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

A waiver of appeal made after sentence is imposed or in exchange for consideration from the State is valid. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000); *Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd). The record shows that appellant waived the right to appeal after sentence was imposed and in exchange for dismissal by the State of two cases pending against him.

Because appellant waived his right of appeal after his sentence was imposed and in exchange for consideration from the State, he has no right of appeal, and we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d); *Menefee v. State*, 287

S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009) ("If a new certificate of appeal . . . were to certify that the appellant waived his right to appeal, then, of course, the court of appeals could only exercise its appellate jurisdiction to dismiss the appeal under Rule 25.2(d)."); *Dears*, 154 S.W.3d at 613 ("The court of appeals must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).