**Opinion issued April 8, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00360-CR**

————————————

**PAMELA JAMISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 57582**

---

**MEMORANDUM OPINION**

Appellant, Pamela Jamison, timely appealed from her conviction for the felony offense of theft. *See* TEX. PENAL CODE ANN. §§ 31.03(a), (e)(6)(A) (West Supp. 2013), 31.09 (West 2011). On June 7, 2013, the trial court clerk filed the clerk's record, which did not contain a certification of appellant's right to appeal.

*See* TEX. R. APP. P. 25.2(a)(2), 34.5(a)(12); *see also* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("The court of appeals must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record."). We therefore abated the case and ordered the trial court to execute a certification of appellant's right to appeal. *See* TEX. R. APP. P. 34.5(c)(2), 37.1, 44.4; *Cortez v. State*, No. PD-1349-12, 2013 WL 5220904, *passim* (Tex. Crim. App. Sept. 18, 2013); *Dears*, 154 S.W.3d at 614–15.

On March 7, 2014, the court reporter filed a reporter's record of a hearing held that day. At the hearing, appellant stated that she did not want to continue with her appeal. After confirming multiple times that appellant did not want to pursue her appeal, the trial court stated: "Based upon your testimony, I am going to take the trial court certificate of defendant's right of appeal and change that to reflect that you are waiving your right of appeal." The trial court then asked if that "reflect[ed] [her] wishes," to which appellant responded "yes."

On March 12, 2014, the trial court clerk filed a supplemental clerk's record, containing a certification of appellant's right to appeal stating that "the defendant has waived the right of appeal."

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P.

2

25.2(d); *Dears*, 154 S.W.3d at 613. A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). A waiver of appeal made after sentence is imposed is valid. *See Monreal*, 99 S.W.3d at 618, 622; *Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd).

Here, the record reflects that appellant waived the right to appeal after her sentence was imposed. Because appellant waived her right of appeal after her sentence was imposed, she has no right of appeal, and we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613.

Accordingly, we reinstate this appeal and dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).