**Opinion issued May 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00338-CR

_____

**ANTONIO CATRELL GATLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 12-CR-1068**

---

## MEMORANDUM OPINION

Appellant, Antonio Catrell Gatlin, timely appealed from his conviction for the felony offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE. ANN. § 481.115(a), (c) (West 2010). The clerk's record filed on April 18, 2013 contains a certification of appellant's right to appeal indicating that

this "is not a plea-bargain case, and the defendant has the right of appeal." On March 18, 2014, after appellant failed to respond to a notice informing him that the time for filing his brief had expired, we abated the case and ordered the trial court to determine whether (1) appellant wishes to pursue his appeal and (2) appellant's retained trial counsel intends to represent appellant on appeal.

On April 9, 2014, the trial court reporter filed a reporter's record of the abatement hearing held by the trial court that day. At the hearing, appellant stated that he did not wish to continue with his appeal. After both appellant and his counsel further confirmed that appellant did not wish to pursue his appeal, the trial court requested that counsel prepare "an order reflecting that [appellant] wants to waive his appeal and get [appellant's] signature to reflect that waiver of appeal." On April 10, 2014, the trial court clerk filed a supplemental clerk's record containing an April 9, 2014 certification of appellant's right to appeal stating that "the defendant has waived the right of appeal." The certification was signed by the trial court, appellant, and appellant's counsel.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's April 9, 2014 certification, which is included in the record on appeal, states that appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). A valid

waiver of appeal prevents a defendant from appealing without the trial court's consent. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

A waiver of appeal made after sentence is imposed is valid. *See Monreal*, 99 S.W.3d at 618, 622; *Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd). Because the record reflects that appellant waived the right to appeal after his sentence was imposed, appellant has no right of appeal and we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d); *Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009) ("If a new certificate of appeal . . . were to certify that the appellant waived his right to appeal, then, of course, the court of appeals could only exercise its appellate jurisdiction to dismiss the appeal under Rule 25.2(d)."); *Dears*, 154 S.W.3d at 613 ("The court of appeals must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record.").

Accordingly, we reinstate this appeal and dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).