**Opinion issued July 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00009-CR

———————————

## MARIO ELLIOTT YOUNG, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 239th District Court[1]
Brazoria County, Texas
Trial Court Case No. 69418

## MEMORANDUM OPINION

Appellant, Mario Elliott Young, timely appealed from his conviction for

aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2011).

---

[1]     Counsel for Appellant: Phillip Morin
        Counsel for Appellee: Travis Townsend, Brazoria DA's office
        Trial court Judge: Hon. Patrick Sebesta

When no brief was timely filed, we abated the case for a trial court hearing to determine indigence matters and appointment of counsel on appeal. On April 14, 2014, the court reporter filed a transcript of the abatement hearing held April 11, 2014. During the hearing, Young indicated he does not wish to pursue his appeal:

> THE COURT: Do you still wish to pursue your appeal in this case?
> THE DEFENDANT: Not in that matter, no, sir.
> THE COURT: Pardon?
> THE DEFENDANT: Not in that matter, no, sir.
> THE COURT: Okay. Then I think that makes the other questions moot. You understand you do have the right to continue with your appeal?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. And you're telling me that at least this appeal that's been initiated pursuant under this cause number that's in the First Court of Appeals in Houston right now, you don't wish to continue that appeal. Is that right?
> THE DEFENDANT: That's correct, sir.

Although an updated certification of appellant's right to appeal was not filed with the supplemental record, the appellant clearly waived his right to appeal on the record.

A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). A waiver of appeal made after sentence is imposed is valid. *See Monreal*, 99 S.W.3d at 618, 622; *Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd).

Here, the record reflects that appellant waived the right to appeal after his sentence was imposed.  Because appellant waived his right of appeal after his sentence was imposed, he has no right of appeal, and we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d); *Monreal v. State*, 99 S.W.3d 615.

Accordingly, we dismiss the appeal for want of jurisdiction.  We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).