**Opinion issued July 21, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00161-CR

———————————

**VICTOR CORONADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1408703**

---

## MEMORANDUM OPINION

Appellant, Victor Coronado, without an agreed punishment recommendation from the State, pleaded guilty to the offense of unauthorized use of a motor

vehicle,[1] enhanced by a prior felony conviction.[2] The trial court found appellant guilty and assessed his punishment at confinement for three years. Appellant filed a pro se notice of appeal.

We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the record on appeal, states that appellant has waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). A waiver of appeal made after sentence is imposed is valid. *See id.*; *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000); *Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.).

Here, on February 5, 2014, appellant signed a written "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which reflects that he voluntarily and knowingly entered his plea, waived his right to have a court reporter record the plea proceedings, and waived his right to appeal. That

---

[1] *See* TEX. PENAL CODE ANN. § 31.07 (Vernon 2011).

[2] *See* TEX. PENAL CODE ANN. § 12.35(c) (Vernon Supp. 2014) (providing for enhancement of punishment for state jail felony).

same day, the trial court signed the judgment of conviction and the certification of defendant's right of appeal, which reflects that he waived his right of appeal.

The proceedings and documents from the trial court are entitled to a "presumption of regularity." "The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court." *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (citing *McCloud v. State,* 527 S.W.2d 885, 887 (Tex. Crim. App. 1975)). Thus, the recitals in court documents "are binding in the absence of direct proof of their falsity." *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); *see Houston v. State*, 201 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("[W]e presume recitals in court documents are correct unless the record affirmatively shows otherwise."). The certification of defendant's right of appeal is a document from the trial court and, therefore, is entitled to a "presumption of regularity."

The burden is on the defendant to overcome this presumption. *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd.). When a defendant waives the right to have a court reporter record a plea hearing and other proceedings in a cause, he nonetheless has the burden to see that a sufficient record is presented on appeal to show error. *See Montoya v. State*, 872

S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd.). Without a record, appellant cannot demonstrate that he did not waive his right of appeal in open court after sentencing. Because we must presume that the trial court's records are binding, without proof of their falsity, we must presume that appellant waived his right of appeal in open court after sentencing and the trial court's certification is valid.

Accordingly, we dismiss the appeal for want of jurisdiction. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613. We dismiss all pending motions as moot.


**PER CURIAM**


Panel consists of Justices Jennings, Bland, and Brown.
Do not publish.   TEX. R. APP. P. 47.2(b).