**Opinion issued August 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00635-CR

_____

**THOMAS BRUNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1421165**

---

## MEMORANDUM OPINION

A jury convicted appellant, Thomas Bruner, of the felony offense of

aggravated robbery with a deadly weapon and the trial court assessed his punishment

at confinement for thirty-five years.[1] Appellant timely filed a pro se notice of appeal. We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the trial court certified that appellant had waived his right of appeal and signed an "Order on Defendant's Waiver of Appeal." The order states:

> After [appellant] was sentenced on cause no. 1421165 he had four remaining pending cases in this court: Cause numbers 1501205, 1403781, 1403217 and 1501850.

> Defense counsel and the Assistant District Attorney negotiated a plea bargain agreement on the remaining pending four cases. On June 5, 2018 [appellant] plead guilty to the offense of Felon in Possession of a Weapon, Cause No. 1501850 and received 10 years TDCJ. As part of the plea bargain agreement that was stated on the record that day, the State of Texas dismissed cause numbers 1501205, 1403781 and 1403217. Defense counsel and [appellant] also stated in open court on the record that part of the plea bargain agreement was that [appellant] waived his right to appeal the jury verdict of Guilty and the court sentence of 35 years TDCJ on cause number 1421165 . . . .

> Therefore, the court makes a finding and orders that [appellant] has waived his right to appeal the conviction and sentence in cause number 1421165.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a), (b) (West Supp. 2017); *see also id.* 29.02 (West 2011).

The trial court attached to its order a copy of the reporter's record of the June 5, 2018 plea hearing in cause number 1501850. The hearing record shows that in cause number 1501850, with an agreed punishment recommendation from the State, appellant pleaded guilty to the felony offense of felon in possession of a firearm. The trial court found appellant guilty and assessed his punishment at confinement for ten years to run concurrently with his sentence in cause number 1421165. The record further shows that "as part and parcel of this plea bargain in exchange for the state dismissing three other cases and [appellant] pleading to ten years" in cause number 1501850, appellant was "agreeing to give up [his] right to appeal that aggravated robbery conviction." And, the State was "filing the three motions to dismiss" cause numbers 1501205, 1403781 and 1403217 as "part of that agreement."

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (citing *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)); *see* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."). When he waives his right of appeal in exchange for consideration from the State, a defendant's waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway,* 301 S.W.3d at

3

697–98. Further, a waiver of appeal made after sentence is imposed is valid. *See Monreal*, 99 S.W.3d at 622; *Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd).

The record shows that appellant waived his right of appeal after sentence was imposed and in exchange for the plea-bargain agreement in cause number 1421165, which included the State's agreement to dismiss the pending charges in cause numbers 1501205, 1403781 and 1403217. Appellant's waiver covers all matters unless the trial court gave him permission to appeal. The trial court did not give appellant permission to appeal and certified that he had waived the right of appeal. Because appellant has no right of appeal, we must dismiss this appeal. *Dears*, 154 S.W.3d at 613.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).