

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00183-CR

———————————————

PHILLIP JAY STERLING JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1583147

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Phillip Jay Sterling Jr., proceeding pro se, attempts to appeal his conviction and sentence for aggravated sexual assault of a child, a first-degree felony. *See* Tex. Penal Code Ann. § 22.021(a)(2)(B), (e). Sterling pleaded guilty to that offense pursuant to a plea-bargain agreement, and the trial court sentenced him to seven years' confinement in accordance with that agreement. As part of the plea-bargain process, Sterling signed written plea admonishments affirming, among other things, "I waive all rights of appeal in this case."

The trial court's "Certification of Defendant's Right of Appeal" states that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). We notified Sterling by letter of the certification and informed him that unless he or any party wanting to continue the appeal filed a response within ten days showing grounds for continuing the appeal, we could dismiss it. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3.

Sterling contends that his guilty plea and his right-of-appeal waiver were involuntary and "unintelligibly done." He also states that he wants to appeal the denial of his pre-plea motion to compel and motion to recuse the trial-court judge.[1]

---

[1]We previously dismissed for want of jurisdiction Sterling's attempted interlocutory appeal from the order denying his motion to disqualify or recuse the trial-court judge because that order was neither a conviction judgment nor an appealable interlocutory order. *See Sterling v. State*, No. 02-23-00193-CR, 2023 WL 6300591, at *1 (Tex. App.—Fort Worth Sept. 28, 2023, no pet.) (mem. op., not designated for publication).

A criminal defendant has a right to appeal. Tex. Code Crim. Proc. Ann. art. 44.02. But "[b]y its express terms, Rule 25.2(a)(2) places limitations on a defendant's right to appeal from a plea bargain agreement that was followed by the trial court." *Jackson v. State*, 168 S.W.3d 239, 242 (Tex. App.—Fort Worth 2005, no pet.) (citing Tex. R. App. P. 25.2(a)(2)). When a defendant pleads guilty and the punishment does not exceed the plea agreement's recommended punishment, the defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute. Tex. R. App. P. 25.2(a)(2).

Relevant here, a valid right-of-appeal waiver prevents a defendant from appealing without the trial court's permission. *Ex parte Delaney*, 207 S.W.3d 794, 796 (Tex. Crim. App. 2006). "A valid waiver of the right to appeal is one that was made voluntarily, knowingly, and intelligently." *Id.* at 796–97. When a defendant waives his right to appeal as part of an agreement on sentencing and the trial court follows the terms of that agreement, the waiver is made knowingly, intelligently, and voluntarily. *See id.* at 797–99; *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). Such a waiver can be made orally or in writing. *See Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.). And although Rule 25.2(a)(2)(A) allows a defendant who pleads guilty as part of a plea bargain the right to appeal matters raised by written motion and ruled on before trial, the defendant may waive such a right, if

3

the waiver is made "voluntarily, knowingly, and intelligently." *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (first citing Tex. Code Crim. Proc. Ann. art. 1.14; and then citing *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009)).

According to the plea admonishments, Sterling—"in open court and joined by counsel"—affirmed that he could read English; that he fully understood each of the trial court's admonishments and the written admonishments' "statements and waivers"; that he was "aware of the consequences of [his] plea"; that he was "mentally competent, and [his] plea [was] knowingly, freely, and voluntarily entered"; and that he waived "all rights of appeal in this case." Sterling's counsel also signed the admonishments, averring that he "had fully reviewed and explained to [Sterling] the [c]ourt's admonishments and [Sterling's] statements and waivers" and that counsel was satisfied that Sterling was "legally competent and ha[d] intelligently, knowingly, and voluntarily waived his rights and that [Sterling] . . . plead[ed] guilty . . . aware of the plea's consequences." Consistent with these averments, the trial court found that Sterling was mentally competent to enter his plea and that he understood the plea's consequences. It further found that Sterling's "plea, statements, and waivers were freely, voluntarily, knowingly, and intelligently made."

We must dismiss an appeal if the trial court's certification, as supported by the record, does not show the defendant has a right of appeal. Tex. R. App. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Here, the plea

4

admonishments show that Sterling made a knowing, intelligent, and voluntary waiver of his right to appeal, and according to the trial court's certification, the trial court did not give him permission to appeal. We thus dismiss his appeal.[2] *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 15, 2024

---

[2]We also dismiss all pending motions as moot.

Our dismissing Sterling's appeal does not prevent him from pursuing habeas relief, a procedure that is "not only adequate to resolve claims of involuntary pleas[ ] but [is] superior to appeal in that the claim may be supported by information from sources broader than the appellate record." *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); *see Anderson v. State*, No. 07-17-00090-CR, 2018 WL 2437592, at *2 (Tex. App.—Amarillo May 30, 2018, no pet.) (mem. op., not designated for publication) ("Appellant may be entitled to relief by filing a post-conviction writ of habeas corpus and developing a record to support his claim that his plea may not have been voluntary. A writ of habeas corpus may be supported by information from sources broader than the appellate record before us.").