# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00451-CR

### Warren Duray Joiner, Appellant

### v.

### The State of Texas, Appellee

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 81059, THE HONORABLE STEVEN J. DUSKIE, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Warren Duray Joiner's appointed attorney filed a notice of appeal following Joiner's conviction for assaulting a family member by impeding the victim's breathing or circulation. *See* Tex. Penal Code § 22.01(b). After the notice of appeal was filed, Joiner filed a pro se motion requesting to withdraw his appeal because he no longer wanted to appeal his conviction. However, the motion did not comply with the requirements of Rule 42.2 of the Rules of Appellate Procedure because the motion was not signed by Joiner's attorney. *See* Tex. R. App. P. 42.2(a). Accordingly, we abate this appeal to allow the trial court to conduct a hearing to determine whether Joiner wishes to prosecute his appeal. *See Trejo v. State*, No. 04-14-00731-CR, 2015 WL 1247272, at *1 (Tex. App.—San Antonio Mar. 18, 2015, no pet.) (per curiam) (mem. op., not designated for publication) (noting that appellate court abated appeal to determine whether appellant desired to pursue appeal where appellant filed pro se motion to dismiss that

was not signed by appellant's attorney); *Smith v. State*, No. 04-00-00680-CR, 2001 WL 80469, at *1 (Tex. App.—San Antonio Jan. 31, 2001, no pet.) (per curiam) (op., not designated for publication) (same); *see also* Tex. R. App. P. 43.6 (permitting courts of appeals to make "any other appropriate order that the law and the nature of the case require"). If the trial court determines that Joiner does not wish to pursue this appeal, it shall direct Joiner and his attorney to submit a motion to dismiss with this Court that complies with Rule 42.2. *See* Tex. R. App. P. 42.2.

If the trial court determines that Joiner does wish to pursue this appeal, the trial court shall conduct an inquiry regarding whether Joiner may pursue an appeal. Although the trial court's certification of Joiner's right to appeal in this case reflects that he waived his right to appeal, that certification may be defective. *See id.* R. 37.1 (requiring appellate courts to determine whether certification is defective); *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (explaining that appellate courts must obtain another certification when first one is defective and that defective certification is one "which is correct in form but which, when compared with the record before the court, proves to be inaccurate"). The plea paperwork does state that Joiner waived his right to appeal. However, the plea paperwork in this case reflects that that there was no plea agreement, that Joiner entered open pleas of true to the revocation allegations, and that the paperwork was signed before the trial court adjudicated his guilt and sentenced him to twelve years' imprisonment.

Texas law grants criminal defendants the right to appeal. Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2. That right can be waived, but the waiver must be made "voluntarily, knowingly, and intelligently." Tex. Code Crim. Proc. art. 1.14; *Ex parte Delaney*, 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006). When a defendant waives his right to appeal as part of a plea bargain that includes a sentencing recommendation, the waiver is made with the knowledge of what the consequences will be and is therefore valid. *Delaney*, 207 S.W.3d at 799;

*Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000). But in open plea cases, when a criminal defendant pleads without an agreement about sentencing, "the validity of a pretrial waiver of appeal is in question because the waiver cannot be knowing and intelligent when potential errors cannot be anticipated and the consequences of the waiver are unknown." *Delaney*, 207 S.W.3d at 798. For these kinds of appeal waivers to be valid, the State must provide consideration for the waiver. *Compare Jones v. State*, 488 S.W.3d 801, 804 (Tex. Crim. App. 2016) (determining that defendant's waiver of appeal was valid because the State provided consideration by abandoning one of its enhancement paragraphs), *with Washington v. State*, 363 S.W.3d 589, 590 (Tex. Crim. App. 2012) (per curiam) (deciding that defendant's waiver of appeal was not valid because record did not reflect that State gave any consideration). Alternatively, a waiver of the right to appeal may also be "valid, i.e., knowingly, voluntarily, and intelligently made, when the waiver is made . . . post-sentencing" because like the situation in which the waiver is made as part of a bargained exchange "the defendant, at the time of the waiver, knows the likely consequences of the waiver." *Moreno v. State*, 327 S.W.3d 267, 268 (Tex. App.—San Antonio 2010, no pet.).

On remand, the trial court shall determine whether Joiner voluntarily, knowingly, and intelligently waived his right to appeal in one of the manners described above either orally or in writing. *Cf. Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd) (explaining that written or oral waiver prevents defendant from appealing as long as waiver was made knowingly and intelligently). If the trial court concludes that a valid waiver was made, no new certification need be made. On the other hand, if the trial court decides that a valid waiver was not made in this case, it should prepare an amended certification clarifying Joiner's right of appeal. *See* Tex. R. App. P. 25.2(f).

On remand, the trial court shall make appropriate written findings and recommendations. Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records—including all findings, conclusions, orders, and certifications, if any—to be prepared and forwarded to this Court no later than September 23, 2024. *See* Tex. R. App. P. 34.5(c)(2), .6(d) (authorizing supplementation of clerk's and reporter's records).

It is ordered on August 23, 2024.

Before Justices Baker, Smith, and Theofanis

Abated and Remanded

Filed: August 23, 2024

Do Not Publish